**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MA LEG PARTNERS 1,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Action No. 3:19-cv-00219-M** |
| | § | |
| **CITY OF DALLAS,** | § | |
| Defendant. | § | |

**DEFENDANT CITY OF DALLAS'S BRIEF IN SUPPORT OF MOTION TO DISMISS**
**COMPLAINT FOR FAILURE TO STATE A CLAIM**

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS

Christopher J. Caso
Interim City Attorney

Charles A. "Cal" Estee
Assistant City Attorney
Texas State Bar No. 24066522
cal.estee@dallascityhall.com

Justin Roy
Assistant City Attorney
Texas State Bar No.
Justin.roy@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone: 214-670-3519
Facsimile: 214-670-0622

ATTORNEYS FOR DEFENDANT,
CITY OF DALLAS

# TABLE OF CONTENTS

I.    Grounds for Dismissal ................................................................................................. 1

II.   Background ................................................................................................................... 1

III.  Argument and Authorities............................................................................................ 2

   A.   Rule 12(b)(6) requires a complaint to state a claim upon which relief can be granted. ..... 2

   B.   Plaintiff fails to plead a plausible claim for relief against the City under 42 U.S.C. § 1983.
        3

      1)   Plaintiff fails to adequately plead the existence of a municipal policy depriving it of its
      Fourth Amendment rights.................................................................................................. 3

      2)   Plaintiff fails to state a claim for violations of its Fourteenth Amendment right to
      privacy. ............................................................................................................................. 6

      3)   Plaintiff fails to state a Compelled Speech Claim under the First Amendment.............. 7

      4)   Plaintiff fails to state a claim under the equal protection clause. ................................... 8

      5)   Plaintiff fails to state a claim for violations of the self-incrimination clause. ................ 8

      6)   Plaintiff fails to state a claim under the Unconstitutional Conditions Doctrine.............. 9

      7)   Plaintiff fails to state a claim for Counts Three through Eight in its Complaint. .......... 11

      8)   Plaintiff fails to state a claim for a facial challenge to the ordinances challenged in
      Counts Three through Eight in its Complaint.................................................................... 12

      9)   Plaintiff fails to state a claim for Count Nine of its Complaint..................................... 16

   C.   Plaintiff fails to state a claim for declaratory relief. ....................................................... 17

   D.   Plaintiff's fails to state a claim for injunctive relief. ...................................................... 17

PRAYER.............................................................................................................................. 18

CERTIFICATE OF SERVICE ............................................................................................ 20

# TABLE OF AUTHORITIES

## Cases

*Alderman v. United States*, 394 U.S. 165 (1969). ............................................................... 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................... 2

*Chavez v. Martinez*, 538 U.S. 760 (1994). ................................................................... 9, 10

*Cheffer v. Reno*, 55 F.3d 1517 (11th Cir.1995) ............................................................... 16

*City of El Cenizo, Texas v. Texas,* 890 F.3d 164 (5th Cir. 2018) ..................... 13, 14, 16

*City of Los Angeles, Calf. v. Patel*, 135 S.Ct. 2443 (2015). ........................................ 15

*Dickens v. Lewis*, 750 F.2d 1251 (5th Cir. 1984); ........................................................... 5

*Doe v. Kerry*, No. 16-CV-0654-PJH, 2016 WL 5339804, (N.D. Cal. Sept. 23, 2016) ................. 7

*E.E.O.C. v. Peterson, Howell & Heather, Inc.*, 702 F. Supp. 1213 (D. Md. 1989) ........................ 4

*eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) ............................................. 17

*Ekwem v. Fenty*, 666 F. Supp. 2d 71 (D.D.C. 2009) ....................................................... 12

*Feirson v. District of Columbia,* 506 F.3d 1063 (D.C.Cir. 2007) .................................. 12

*Forum for Academic & Institutional Rights*, 547 U.S. 47 (2006) ................................... 10

*Hafez v. City of Schenectady*, No. 117CV0219GTSTWD, 2018 WL 1582645, (N.D.N.Y. Mar.
   27, 2018) .......................................................................................................................... 15

*Hampton Co. Nat. Sur., LLC v. Tunica County, Miss.,* 543 F.3d 221 (5th Cir.2008) ................. 8

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*,
   634 F.3d 787 (5th Cir.2011) .............................................................................................. 2

*Heckler v. Cmty. Health Servs. Of Crawford County, Inc.*, 467 U.S. 51 (1984) ........................ 18

*Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595 (2013) ............................... 9

*Lambert v. Hartman*, 517 F.3d 433 (6th Cir.2008) ......................................................... 7

*Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521 (5th Cir.1994). ................................... 11

*Lowe v. Clift*, No. 1:06-CV-076, 2007 WL 2112672, (E.D. Tenn. July 19, 2007) ....................... 7

*Marrero v. City of Hialeah*, 625 F.2d 499 (5th Cir.1980) .............................................. 6

*Maryland v. Macon*, 472 U.S. 463 (1985) .............................................................. 5, 6

*Metcalf v. Deutsche Bank Nat. Trust Co*., No. 3:11–CV–3014–D, 2012 WL 2399369 (N.D.Tex. June 26, 2012). ........................................................................................ 17

*Monell v. Dep't. of Social Servs.*, 436 U.S. 658 (1978). ............................................ 3

*Murray v. Earle*, 405 F.3d 278 (5th Cir.2005) ....................................................... 9, 10

*Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406 (5th Cir. 2013) ........................................................................................... 18

*Platteville Area Apartment Ass'n v. City of Platteville*, 179 F.3d 574 (7th Cir. 1999) ............... 10

*Rakas v. Illinois*, 439 U.S. 128 (1978) ............................................................. 4, 5

*Rozman v. City of Columbia Heights*, 268 F. 3d 588 (8th Cir. 2001) ................................... 10

*Scahill v. D.C.*, 271 F. Supp. 3d 216 (D.D.C.) ....................................................... 9

*Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162 (5th Cir. 1997) ......................... 11

*Stamm v. Cty. of Cheyenne*, 326 F. Supp. 3d 832 (D. Neb. 2018) ....................................... 5, 6

*Stewart v. City of Red Wing*, 554 F. Supp. 2d 924 (D. Minn. 2008) .................................... 14

*U. S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d at 375 (5th Cir. 2003) ........................................................................ 3

*United States v. Jacobsen*, 466 U.S. 109 (1984) ..................................................... 4

*United States v. Kennedy*, 638 F.3d 159 (3d Cir. 2011) .............................................. 5

*United States v. Salerno*, 481 U.S. 739 (1987). .................................................... 12

*United States v. Watson*, 244 F. App'x 484 (3d Cir. 2007) .......................................... 5

*Wade v. Goodwin*, 843 F.2d 1150 (8th Cir.1988) ..................................................... 7

*Washington State Grange v. Washington State Republican Party*, 552 U.S. 442 (2008) ........... 12

**DEFENDANT CITY OF DALLAS'S BRIEF IN SUPPORT OF MOTION TO DISMISS
COMPLAINT FOR FAILURE TO STATE A CLAIM**

*Wooley v. Maynard,* 430 U.S. 705 (1977) ............................................................ 7

*Wyman v. James*, 400 U.S. 309 (1971) ............................................................... 10

*Zaffuto v. City of Hammon*, 308 F.3d 485 (5th Cir. 2002) ............................................ 6

*Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161 (5th Cir. 2010). ................................ 3

**Statutes**

42 U.S.C. § 1983 .......................................................................... 1, 3, 15, 21

**Other Authorities**

Dallas, Tex. Code § 27-38(a) ................................................................ 16

Dallas, Tex. Code §§ 27-3.1(c)(1) ........................................................... 18

Dallas, Tex. Code §27-38(a) ................................................................ 18

Dallas, Tex. Code §27-5(b) ................................................................. 18

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................... 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MA LEG PARTNERS 1, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-00219-M |
| | § | |
| CITY OF DALLAS | § | |
| **Defendants** | § | |

**DEFENDANT CITY OF DALLAS' BRIEF IN SUPPORT OF MOTION TO DISMISS**
**COMPLAINT FOR FAILURE TO STATE A CLAIM**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, City of Dallas (the "City"), files this brief in support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The City would respectfully show the Court the following:

## I.     Grounds for Dismissal

MA LEG Partners 1 ("Plaintiff") fails to state a claim under 42 U.S.C. § 1983 because Plaintiff has not sufficiently pled a City policy caused a violation of its constitutional rights. Further, Plaintiff has failed to sufficiently plead any violation by the City of Plaintiff's rights under the First, Fourth, Fifth, Seventh, Eighth, Fourteenth Amendments of the Constitution.

## II.     Background

Plaintiff alleges that, on September 12, 2018, it received a notice of violation for failing to provide an application for a rental property as required by section 27-32 of the Dallas City Code. (ECF No. 1 at 7). No other action is alleged. Plaintiff subsequently filed this lawsuit alleging that section 27-32 and many other provisions of the City's rental property requirements contained in Chapter 27 of the Dallas City Code ("Chapter 27") are unconstitutional. Though Plaintiff claims

nine counts of constitutional violations relating to various provisions of Chapter 27, it has never been cited or fined for any provision of Chapter 27. The only action taken by the City against Plaintiff was the issuance of a notice of violation for failing to submit an application under section 27-32. The City has separately moved to dismiss Plaintiff's claims because it failed to establish standing. Even if Plaintiff did have standing, it has failed to allege plausible claims of constitutional violations caused by Chapter 27.

## III.    Argument and Authorities

### A. Rule 12(b)(6) requires a complaint to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).   To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *Id.* at 555.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   A plaintiff's obligation to provide the "grounds" of its entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 550 U.S. at 555.   A court is not bound to accept as true "a legal conclusion couched as a factual allegation." *Id.*   "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'"   *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir.2011) (*quoting Iqbal*, 556 U.S. at 679).   A court may consider documents attached to or incorporated in

the complaint and matters of which judicial notice may be taken. *U. S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d at 375, 379 (5th Cir. 2003).

### B. Plaintiff fails to plead a plausible claim for relief against the City under 42 U.S.C. § 1983.

To establish liability against a municipality under 42 U.S.C. § 1983, a plaintiff must establish three elements; "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 694 (1978). Evidence that the complained of action was the policy of an individual city official is not sufficient. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 166 (5th Cir. 2010).

There are two forms an official policy may take: (1) "policy statement formally announced by an official policymaker," or (2) "a custom, which is a persistent, widespread practice of City officials or employees, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id.* at 168-69. As detailed below, Plaintiff fails to plead the existence of a municipal policy depriving it of its constitutional rights.

### 1) Plaintiff fails to adequately plead the existence of a municipal policy depriving it of its Fourth Amendment rights.

Count One of Plaintiff's Complaint alleges Chapter 27 violates Plaintiff's Fourth and Fourteenth Amendment rights to privacy. (ECF No. 1 at 26). Specifically, Plaintiff complains the City's request for the following pieces of information violate its rights to privacy:

(i)      Contact information for the holder of any deed of trust or mortgage lien on the property, sec. 27-32(a)(1)(D);

(ii)     Contact information for the property owner's casualty insurance carrier, sec. 27-32(a)(1)(E);

(iii)    "the name and mailing address for each principal officer, director, general partner, trustee, manager, member, or other person charged with the operation, control, or management of the entity," sec. 27-32(a)(3);

(iv)    "the location of business records pertaining to the rental property," sec. 27-32(a)(4);

(v)    "a copy of the owner's current driver's license or other government-issued personal identification card containing a photograph of the owner, if the owner is a natural person," sec. 27-32(a)(5); and

(vi)    "a list of businesses… operating out of the property and offering goods or services to persons residing at or visiting the property," sec. 27-32(a)(6).

(ECF No. 1 at 26). Plaintiff contends these items "of business and personal information are protected from disclosure by the property owner's expectation of privacy pursuant to the Fourth and Fourteenth Amendments." (ECF No. 1 at 26).

In order to state a claim for a violation of his Fourth Amendment rights, Plaintiff must show he was subjected to a search or seizure of material in which it has a reasonable expectation of privacy. *See Rakas v. Illinois*, 439 U.S. 128, 143–44 (1978). Plaintiff fails to state a claim for a violation of its Fourth Amendment rights because no search or seizure has taken place and Plaintiff has no reasonable expectation of privacy in the information identified in items (i)-(vi).

The Fourth Amendment has no application where there has been no "search" or "seizure." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984); *E.E.O.C. v. Peterson, Howell & Heather, Inc.*, 702 F. Supp. 1213, 1219 (D. Md. 1989). Here, Plaintiff only complains about the City's request for information in an application form. It has not been subjected to a search or seizure and Plaintiff, therefore, fails to allege a violation of the Fourth Amendment. *Sanchez v. County of San Diego*, 464 F.3d 916, 921 (9th Cir. 2006) (holding mandatory home visits are part of program eligibility verification are not searches under the Fourth Amendment).

Additionally, Plaintiff fails to state a claim for a violation of the Fourth Amendment because Plaintiff fails to identify a reasonable expectation of privacy in the information requested

in the application and affidavit. *See Dickens v. Lewis*, 750 F.2d 1251, 1254 (5th Cir. 1984); *United States v. Kennedy*, 638 F.3d 159 (3d Cir. 2011) ("Fourth Amendment standing requires that the individual challenging the search have a reasonable expectation of privacy in the property searched . . . and that he manifest a subjective expectation of privacy in the property searched"). Items (i), (ii), (iii), and (vi) concern the records of other entities or individuals, and Plaintiff does not allege and cannot establish a privacy interest in these materials. *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978) ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.") (quoting *Alderman v. United States*, 394 U.S. 165, 174, (1969)).

Even if Plaintiff could assert Fourth Amendment rights on behalf of its officers or directors, it would still lack standing and fail to state a claim because there is no reasonable expectation of privacy in the information requested in the application. The application requires that the property owner provide some pieces of information, several of which Plaintiff acknowledges can be publicly available. (ECF No. 1 at 8, 10, 12, 14); *Stamm v. Cty. of Cheyenne*, 326 F. Supp. 3d 832, 849 (D. Neb. 2018) ("Certainly, there is no question that an individual cannot expect to have a constitutionally protected privacy interest in matters of public record."). Section 27-32(a) does not require an owner's home address and the business addresses of the individuals who own or control the property owning company are generally a matter of public record and not within an individual's reasonable expectation of privacy. *See Maryland v. Macon*, 472 U.S. 463, 469 (1985) (finding that there is no reasonable expectation of privacy in areas of a business where the public is invited to enter and to transact business); *United States v. Watson*, 244 F. App'x 484, 488 (3d Cir. 2007) (no expectation of privacy identified in warrantless entry of public store); *Stamm v. Cty. of Cheyenne*,

326 F. Supp. 3d 832, 849 (D. Neb. 2018) ("Certainly, there is no question that an individual cannot expect to have a constitutionally protected privacy interest in matters of public record.").

Additionally, Plaintiff failed to identify a reasonable expectation of privacy in items (iv) and (v). Item (v) does not apply to Plaintiff because it is not a natural person. Plaintiff also fails to identify a reasonable expectation of privacy in the information sought by item (iv), the location of business records pertaining to the property. Business addresses are generally a matter of public records and Plaintiff fails to identify a reasonable expectation of privacy in this information. *Maryland v. Macon*, 472 U.S. 463, 469 (1985) (finding that there is no reasonable expectation of privacy in areas of a business where the public is invited to enter and to transact business). As Plaintiff does not have a reasonable expectation of privacy in any of the materials identified in Count One of its complaint, it fails to state a claim for a violation of its Fourth Amendment rights.

### 2) Plaintiff fails to state a claim for violations of its Fourteenth Amendment right to privacy.

"In order to state a claim under the fourteenth amendment, the complainant must allege facts showing not only that the State has deprived him of a liberty or property interest but also that the State has done so without due process of law." *Marrero v. City of Hialeah,* 625 F.2d 499, 519 (5th Cir.1980), *cert. denied,* 450 U.S. 913 (1981). Plaintiff fails to meet this standard because it fails to allege the City deprived him of a liberty interest or a privacy interest protected by the Fourteenth Amendment. In Count One, Plaintiff complains about the City's request for information in its application but Plaintiff fails to sufficiently allege that the information sought by the City intrudes on a recognized liberty or property interest under the Fourteenth Amendment. *See Zaffuto v. City of Hammon*, 308 F.3d 485, 490 (5th Cir. 2002) (finding Fourteenth Amendment privacy only applies to disclosures of "intimate facts"); *Wade v. Goodwin*, 843 F.2d 1150, 1153

(8th Cir.1988) ("The constitutional right to privacy is generally limited to only the most intimate aspects of human affairs."); *Lambert v. Hartman*, 517 F.3d 433 (6th Cir.2008) (holding that plaintiff had no Fourteenth Amendment privacy interest in her name, home address, birth date, driver's license number, and social security number); *Lowe v. Clift*, No. 1:06-CV-076, 2007 WL 2112672, at *6 (E.D. Tenn. July 19, 2007) ("Plaintiff has no privacy interest in his public presence and the inferences drawn therefrom, and he has no Fourteenth Amendment claim for the dissemination of information that is neither sensitive nor private."). None of the information requested in the City's application plausibly required the disclosure of "intimate facts" or otherwise constitutionally protected information. Therefore, Plaintiff fails to state a claim under the Fourteenth Amendment.

### 3) Plaintiff fails to state a Compelled Speech Claim under the First Amendment.

In Counts One and Two, Plaintiff asserts the City's application and affirming affidavit in section 27-32(a)(8) of the Dallas City Code violate its First Amendment rights against compelled speech. (ECF No. 1 at 26-29). The test of whether the government violates the protection from compelled speech is "whether the individual is forced to be an instrument for fostering public adherence to an ideological point of view he finds unacceptable." *Doe v. Kerry*, No. 16-CV-0654-PJH, 2016 WL 5339804, at *16 (N.D. Cal. Sept. 23, 2016); *See Wooley v. Maynard,* 430 U.S. 705, 715 (1977). Thus, in order to state a compelled speech claim, Plaintiff must allege that the City is interfering with its ideological message. Plaintiff fails to meet this burden. While Plaintiff complains about being requested to provide information, it fails to allege it is being forced to adopt an ideological point of view. Plaintiff objects to providing certain information but the City's request for factual information does not constitute the compulsion to adopt an ideological message

required to state a compelled speech claim. *See Doe*, 2016 WL 5339804 at * 16. (finding request and publication of sex offender information does not constitute compelled speech). As the City's request does not compel Plaintiff to adopt an ideological message, Plaintiff has failed to state to state a compelled speech claim.

### 4)   Plaintiff fails to state a claim under the equal protection clause.

Plaintiff asserts the City's requirement to register and submit an application violates the equal protection clause of the Fourteenth Amendment, but it fails to allege any facts sufficient to state a claim under the equal protection clause. To state a claim for a violation of the equal protection clause, Plaintiff must demonstrate that it has been treated differently due to its membership in a protected class and that the unequal treatment stemmed from discriminatory intent. *Hampton Co. Nat. Sur., LLC v. Tunica County, Miss.,* 543 F.3d 221, 228 (5th Cir.2008). Plaintiff failed to allege any fact to support these requirements. Plaintiff does not allege that it is in a disadvantaged group, that there is a government erected barrier, or that the barrier causes members of one group to be treated differently from members of the other group. Therefore, Plaintiff fails to state a claim under the equal protection clause.

### 5)   Plaintiff fails to state a claim for violations of the self-incrimination clause.

In Count Two of its Complaint, Plaintiff asserts Chapter 27 requires the property owner to submit an affidavit and self-inspection form in violation of the property owner's rights to protection from self-incrimination under the Fifth and Fourteenth Amendments. (ECF No. 1 at 28-29). However, Plaintiff fails to state a claim for a violation of the self-incrimination clause because it fails to allege it was forced to incriminate itself in a criminal proceeding. The Supreme Court has determined that a violation of the Fifth Amendment "occurs only if one has been compelled to

be a witness against himself in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 764 (1994). Further, the Fifth Circuit recognizes that "[t]he Fifth Amendment privilege against self-incrimination is a fundamental trial right which can be violated only at trial, even though pre-trial conduct by law enforcement officials may ultimately impair that right." *Murray v. Earle*, 405 F.3d 278, 285 (5th Cir.2005). Plaintiff only complains of conduct that might occur before any trial and, in fact, before any citation has been issued. Therefore, Plaintiff fails to state a claim for a violation of the self-incrimination clause.

### 6) Plaintiff fails to state a claim under the Unconstitutional Conditions Doctrine.

In Counts One and Two, Plaintiff contends the City's application requirement, affidavit and self-inspection forms violate the Unconstitutional Conditions Doctrine by requiring the owner to submit the required information to engage in leasing private property. (ECF No. 1 at 26-29). The Unconstitutional Conditions Doctrine forbids burdening the Constitution's enumerated rights by coercively withholding benefits from those who exercise them. *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 606 (2013). "[I]n order to assert a claim under the unconstitutional conditions doctrine, a plaintiff must allege that the government has conditioned receipt of a benefit on the curtailment of the plaintiff's constitutional rights." *Scahill v. D.C.,* 271 F. Supp. 3d 216, 227 (D.D.C.), reconsideration denied, 286 F. Supp. 3d 12 (D.D.C. 2017), aff'd in part, rev'd in part, 909 F.3d 1177 (D.C. Cir. 2018, and aff'd, 909 F.3d 1177 (D.C. Cir. 2018). Plaintiff fails to state a claim that the City's application requirement and affirming affidavit require Plaintiff to waive its constitutional rights.

As discussed above, Plaintiff fails to state a claim for a violation of its Fourth Amendment rights and fails to state a claim that the City conditions its participation on a waiver of its Fourth

Amendment rights. The application and affidavit merely ask for the Plaintiff to provide information to confirm program eligibility. The United States Supreme Court and several circuit courts have long recognized the importance in verifying program eligibility and have upheld far more intrusive conditions for participation in rental property registration. *See e.g. Wyman v. James*, 400 U.S. 309 (1971) (upholding a New York social services law requiring a home inspection for safety conditions for persons on public welfare); *Platteville Area Apartment Ass'n v. City of Platteville*, 179 F.3d 574, 576-577, 582 (7th Cir. 1999) (City ordinance allowing periodic searches of rental properties to assess compliance with city's housing code is constitutional); *Rozman v. City of Columbia Heights*, 268 F. 3d 588 (8th Cir. 2001) (upholding revocation of property owner's rental license for failure to allow inspection of tenant occupied apartments). Plaintiff does not identify any reason that the City's far less onerous application requirement should be treated any differently.

Similarly, while the City requests information to verify program eligibility, this does not amount to compelled speech or a waiver of Plaintiff's First Amendment rights. *Forum for Academic & Institutional Rights*, 547 U.S. 47, 64-65 (2006). The application and affidavit also do not violate Plaintiff's right to protection from self-incrimination because Plaintiff is not being compelled to testify against itself in a criminal trial. *Chavez v. Martinez*, 538 U.S. 760, 764 (1994) ("a violation of the Fifth Amendment "occurs only if one has been compelled to be a witness against himself in a criminal case."); *Murray v. Earle*, 405 F.3d 278, 285 (5th Cir.2005) ("[t]he Fifth Amendment privilege against self-incrimination is a fundamental trial right which can be violated only at trial, even though pre-trial conduct by law enforcement officials may ultimately impair that right.").

The application and affirming affidavit do not seek a waiver of Plaintiff's First Amendment rights or require the Plaintiff to consent to warrantless searches. Plaintiff does not allege, nor does the copy of the application attached to Plaintiff's Complaint support the contention that the application conditions any benefit on the waiver of constitutional rights. (ECF No. 1 at Exhibit C). Therefore, Plaintiff fails to allege the City conditions a benefit on a waiver of constitutional rights and fails to state a claim for a violation of the Unconstitutional Conditions Doctrine.

### 7) Plaintiff fails to state a claim for Counts Three through Eight in its Complaint.

In Counts Three through Eight, Plaintiff complains of speculative and hypothetical issues that may arise from future enforcement of several portions of Chapter 27. (ECF No. 1 at 29- 35). Plaintiff only alleges the possibility of future injury and, thus, fails to demonstrate an injury or redressability of these claims. *Id.* As set out in its Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Brief in Support, the City asserts Plaintiff fails to establish it has standing to bring these claims. In addition to failing to establish standing, Plaintiff fails to state a claim under 42 U.S.C. § 1983 because it fails to allege the City enforced a policy that caused the deprivation of its constitutional rights.

To state a claim for municipal liability under section 1983, "a plaintiff must initially allege that an official policy or custom 'was a cause in fact of the deprivation of rights inflicted.'" *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir.1994). The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts. *Spiller*, 130 F.3d at 167. Plaintiff failed to allege its constitutional rights were violated in Counts Three through Eight. If Plaintiff's constitutional rights were not violated, its 1983 claims

must fail. *Ekwem v. Fenty*, 666 F. Supp. 2d 71, 76 (D.D.C. 2009); *Feirson v. District of Columbia,* 506 F.3d 1063, 1068 (D.C.Cir. 2007). As Plaintiff fails to allege the City's enforcement of the provisions cited in Counts Three through Eight violated its constitutional rights, it fails to state a claim under §1983.

### 8)  Plaintiff fails to state a claim for a facial challenge to the ordinances challenged in Counts Three through Eight in its Complaint.

In addition, Plaintiff fails to provide a basis for any claim of a constitutional violation in Counts Three through Eight of its Complaint. As Plaintiff only complains of the possibility of future enforcement, its only conceivable claim is a pre-enforcement facial challenge. However, Plaintiff similarly fails to state a claim for a facial challenge to Chapter 27.

The Supreme Court has held "a plaintiff can only succeed in a facial challenge by "establish[ing] that no set of circumstances exists under which the Act would be valid," *i.e.,* that the law is unconstitutional in all of its applications. *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008) quoting *United States v. Salerno*, 481 U.S. 739 (1987). Plaintiff fails to meet these requirements for its claims in Counts Three through Eight.

Plaintiff admits that "Chapter 27 has a legitimate purpose in enforcing health and safety standards for rental housing by inspections and other enforcement procedures." (ECF No. 1 at 2). Plaintiff's concern, as explained earlier in its Complaint, is that "the inspection process as implemented is flawed by inconsistencies and inequities…" (ECF No. 1 at 2). Yet, Plaintiff does not allege that inspections have occurred. Instead, Plaintiff's claims and, in particular those identified in Counts Three through Eight, are speculative concerns about potential future

enforcement. Plaintiff, therefore, fails to allege that Chapter 27 is unconstitutional in all of its applications and fails to state a claim for a facial challenge to Chapter 27.

In Count Three, Plaintiff alleges the City's authority given to the director is "an open invitation to requiring production by the property of privacy-protected personal information…" (ECF No. 1 at 29). Plaintiff does not allege that such invasions of privacy have occurred and does not state that they will necessarily occur in all applications of the law. Instead, Plaintiff makes the conclusory allegation that a director *could* potentially seek to use this provision to invade its privacy. (ECF No. 1 at 29). Plaintiff's allegation is insufficient to state a facial challenge to section 27-32(a)(8). *See City of El Cenizo, Texas v. Texas,* 890 F.3d 164, 189 (5th Cir. 2018) ("…even if the mandate could hypothetically cause a violation, this possibility is not enough to substantiate a facial challenge").

In Count Four, Plaintiff alleges the requirement that the owner maintain certain business records in the City and be made available to the City violates the owner's "First, Fourth, Fifth, and Fourteenth Amendments rights to freedom of speech, privacy, and protection from unlawful search and seizure." (ECF No. 1 at 30). Plaintiff fails to allege how this requirement would violate any of the multiple constitutional provisions cited in Count Four. Plaintiff does not identify a reasonable expectation of privacy in any of the materials subject to this requirement or a privacy interest under the Fourteenth Amendment. Plaintiff similarly, fails to identify an infringement on its right to speech. Instead, Plaintiff appears to be concerned the requirement could be used to obtain searches without due process in the future. However, the text of section 27-38(a) merely provides that the City "may seek a court order to inspect the records." Dallas, Tex. Code § 27-38(a); ECF No. 1 at Exhibit A, p.46-47). The fact that the City may one day seek a court order to conduct an inspection

hardly supports a facial challenge based on a violation of privacy. Plaintiff's claim is based on unsupported speculation and it fails to allege these provisions are unconstitutional in any and certainly not all of their applications. *Stewart v. City of Red Wing*, 554 F. Supp. 2d 924, 929 (D. Minn. 2008) (finding concern that a reviewing judge would be unable to limit the scope of a warrant in compliance with the Fourth Amendment "highly speculative").

Count Five of Plaintiff's Complaint claims the City's "inconsistent interpretation and application of Chapter 27's minimum property standards results in erratic and ineffective communications with, and inequitable fines and penalties imposed upon property owners in violation of their *Fifth* and *Fourteenth Amendments* rights to due process and equal protection." (ECF No.1 at 30). By its very terms, Plaintiff's complaint only challenges the City's possible application of the law rather than the law on its face. Plaintiff's concerns over the possible application of the minimum property standards are not sufficient to support a facial challenge. *See City of El Cenizo, Texas,* 890 F.3d at 189 ("…even if the mandate could hypothetically cause a violation, this possibility is not enough to substantiate a facial challenge"). Again, Plaintiff fails to allege these provisions are unconstitutional in any and certainly not all of their applications.

Plaintiff claims in Count Six that the City's warrant authorizations in Chapter 27 are "devoid of procedural substance regarding notice to and participation by the property owner in the warrant issuance process." (ECF No. 1 at 31). Plaintiff contends "such warrants cannot constitute constitutionally required "pre-compliance review, and issuance of search warrants violates a

property owner's Fourth, Fifth, and Fourteenth Amendments rights to privacy, due process, and equal protection." *Id.* Plaintiff's claim relies on a misstatement of the law.

In *City of Los Angeles, Calif. V. Patel*, the Supreme Court held that searches conducted outside the judicial process under the administrative search exception must provide the subject of the search an opportunity for precompliance review. 135 S.Ct. 2443 (2015).  However, *Patel* does not apply to this situation because, unlike the administrative searches in *Patel*, the only searches authorized by Chapter 27 are through warrants. *See* Dallas, Tex. Code §§ 27-3.1(c)(1); 27-5(b); 27-38(a); (ECF No. 1 at Exhibit A, pp. 9, 11, 46). In *Hafez v. City of Schenectady*, the court recognized this distinction and held *Patel* did not apply to a requirement that potential landlords provide records with their application materials. *Hafez v. City of Schenectady*, No. 117CV0219GTSTWD, 2018 WL 1582645, at *17 (N.D.N.Y. Mar. 27, 2018). Similarly,  the provisions challenged by Plaintiff provide that: 1) the code enforcement officials have the power to obtain search warrants and seizure warrants, 2) administrative search warrants, and 3) the power to seek a court order to inspect a property's business records. *See* Dallas, Tex. Code §§ 27-3.1(c)(1); Dallas, Tex. Code §27-5(b); Dallas, Tex. Code §27-38(a); (ECF No. 1 at Exhibit A, pp. 9, 11, 46). Each of these provisions, merely authorize the code enforcement official to seek a warrant or order from a court. While Chapter 27 authorizes the City to seek a warrant from a court, it does not and could not require the court to grant the order. As the precompliance review requirement only applies to warrantless administrative searches, it has no bearing on the City's authority to seek a warrant from a court. Plaintiff fails to state a facial challenge in Count Six.

In Count Seven, Plaintiff claims the City's defining a violation or offense as recurring daily and punishable as both criminal and civil violations violate the "Fifth, Eighth, and Fourteenth

Amendments to due process, equal protection, and freedom from excessive fines." (ECF No. 1 at 33). Plaintiff's claims are based solely on speculation about future enforcement and are not ripe. *Cheffer v. Reno,* 55 F.3d 1517, 1523-24 (11th Cir.1995) ("Challenges brought under the Eighth Amendment Excessive Fines clause are "generally not ripe until the actual, or impending, imposition of the challenged fine."). Further, while Plaintiff is apparently concerned about the possibility of an excessive fine being issued, it fails to allege the law requires this outcome in all applications. *City of El Cenizo, Texas,* 890 F.3d at 189. Therefore, it fails to state a facial challenge.

Finally, Count Eight involves Plaintiff's concern that "Chapter 27's omission of any statement enunciating the property owner's right to a jury trial in civil and criminal proceeding … creates an undue risk of depriving that owner of its Seventh Amendment right to trial by jury." (ECF No. 1 at 35). Plaintiff merely speculates there is a "risk" of possible depravation of its right to a trial by jury and its claim is thus based entirely on speculation of potential future violations. Plaintiff does not even allege that the City attempts to deprive it of a right to a trial by jury. Instead, it makes the conclusory claim that the City is obligated to reaffirm its right in the text of Chapter 27 itself. (ECF No. 1 at 35). Plaintiff does not allege that the City somehow excludes Chapter 27 from any other laws and rules of procedure related to jury trials and fails to allege that Chapter 27 requires the deprivation of a jury trial in all applications. *City of El Cenizo, Texas,* 890 F.3d at 189. Therefore, Plaintiff fails to state a claim for a violation of its Seventh Amendment right to a jury trial.

### 9) Plaintiff fails to state a claim for Count Nine of its Complaint.

Count Nine of Plaintiff's Complaint is a summary conclusory allegation that the unconstitutional provisions of Chapter 27 deprive property owners in Dallas, Texas of rights,

privilege, and immunities secured by the United States Constitution and federal laws. (ECF No. 1 at 35-36). As described above, Plaintiff failed to state a claim for any of the constitutional violations alleged in its Complaint and fails to establish standing under section 1983. Accordingly, Plaintiff fails to state a claim for Count Nine of its Complaint.

### C. Plaintiff fails to state a claim for declaratory relief.

In the conclusion of its Complaint, Plaintiff alleges the Court has authority to grant declaratory relief. The federal Declaratory Judgment Act does not create substantive rights and federal courts have broad discretion to grant or to refuse declaratory judgment. *Metcalf v. Deutsche Bank Nat. Trust Co.*, No. 3:11–CV–3014–D, 2012 WL 2399369, at *9 (N.D.Tex. June 26, 2012). Since Plaintiffs have failed to state any plausible viable claim, the Court should decline to entertain their declaratory judgment request. *Id.* Furthermore, the requested declaratory relief duplicates Plaintiff's claims under 42 U.S.C. § 1983 and should be dismissed as redundant. *Id.*

### D. Plaintiff's fails to state a claim for injunctive relief.

The party seeking a permanent injunction must meet a four-part test. It must establish (1) success on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest. *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). As discussed above and in the City's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Plaintiff lacks standing and Plaintiff has failed to state a claim against the City. Therefore, as a matter of law, Plaintiff's success on the merits is impossible.

Similarly, Plaintiff failed to allege an injury, that the threatened injury outweighs the damage will cause the City, and the injunction will not disserve the public interest. Plaintiff only

makes conclusory claims of injury and fails to allege how it will be irreparably harmed. Absent a

a plausible allegation and showing of irreparable harm, Plaintiff is not entitled to injunctive relief.

Since Plaintiff has no injury, the only consideration is whether the City will be harmed by

an injunction and whether an injunction will disserve the public interest.  The harm to the City is

essentially the same harm and disservice to the public interest that would result from an

injunction. If legislation is enjoined, the City "necessarily suffers the irreparable harm of denying

the public interest in the enforcement of its laws."  *Planned Parenthood of Greater Tex. Surgical*

*Health Servs. v. Abbott*, 734 F.3d 406, 419 (5th Cir. 2013).  The City's harm merges with the

public's harm.  *Id.  See also Heckler v. Cmty. Health Servs. Of Crawford County, Inc.*, 467 U.S.

51, 60 (1984) (when government is unable to enforce its law, "the interest of the citizenry as a

whole in obedience to the rule of law is undermined."). Accordingly, the injunction would harm

the City and would disserve the public interest. Plaintiff fails to allege any irreparable injury and

certainly fails to allege any injury that would outweigh the injury to the City and the disservice to

the public interest. Therefore, Plaintiff fails to state a plausible claim for injunctive relief.

## PRAYER

WHEREFORE, the City of Dallas respectfully asks the Court grant the City of Dallas'

motion to dismiss for failure to state a claim in whole, or alternatively in part, and dismiss

Plaintiff's claims against the City with prejudice.

Respectfully submitted,
OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS, TEXAS


 *s/ Charles Estee*
CHARLES A. ESTEE
Assistant City Attorney
State Bar of Texas No. 24066522
cal.estee@dallascityhall.com

JUSTIN ROY
Assistant City Attorney
State Bar No. 24013428
justin.roy@dallascityhall.com
7BN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone – 214/670-3519
Telecopier – 214/670-0622

## CERTIFICATE OF SERVICE

I certify that on March 11, 2019, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case failing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.

*s/ Charles Estee*
CHARLES A. ESTEE
