**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MA LEG PARTNERS 1,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-00219-M |
| | § | |
| **CITY OF DALLAS,** | § | |
| Defendant. | § | |

**DEFENDANT CITY OF DALLAS'S BRIEF IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF SUBJECT-MATTER JURISDICTION**

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS

Christopher J. Caso
Interim City Attorney

Charles A. "Cal" Estee
Assistant City Attorney
Texas State Bar No. 24066522
cal.estee@dallascityhall.com

Justin Roy
Assistant City Attorney
Texas State Bar No.
Justin.roy@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone: 214-670-3519
Facsimile: 214-670-0622

ATTORNEY(S) FOR DEFENDANT,
CITY OF DALLAS

## TABLE OF CONTENTS

I.   Overview ........................................................................................................................ 1

II.  Argument and Authorities .............................................................................................. 2

   A.   Legal Standards Under 12(b)(1). ........................................................................ 2

   B.   Plaintiff lacks standing to bring its claims against the City. ............................... 2

      a.   Plaintiff lacks standing to bring its Fourth and Fourteenth Amendment Claims. ............ 3

      b.   Plaintiff lacks standing to bring claims for violations of its Fourteenth Amendment right to privacy. ..................................................................................................... 6

      c.   Plaintiff lacks standing to assert a Compelled Speech Claim. ....................... 7

      d.   Plaintiff lacks standing to bring a claim under the Unconstitutional Conditions Doctrine. .................................................................................................... 7

      e.   Plaintiff lacks standing to bring an equal protection challenge. .................... 8

      f.   Plaintiff lacks standing to bring the Fifth and Fourteenth Amendment Self Incrimination claims in Count Two. ......................................................................... 9

      g.   Plaintiff fails to allege an injury in fact to establish standing for Counts Three through Eight. .................................................................................................................... 9

      h.   Plaintiff fails to allege an injury in fact to establish standing for Count Nine. ............... 13

III. PRAYER ....................................................................................................................... 13

CERTIFICATE OF SERVICE ............................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Alderman v. United States*, 394 U.S. 165 (1969) ............................................................................ 6

*Audler v. CBC Innovis Inc.*, 519 F.3d 239 (5th Cir. 2008). ............................................................ 2

*Cheffer v. Reno,* 55 F.3d 1517 (11th Cir.1995) ...................................................................... 13, 15

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) ........................................................................ 14

*Comer v. Cisneros*, 37 F.3d 775 (2d Cir. 1994) ............................................................................ 11

*Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127 (5th Cir. 2009). ........ 3

*Dickens v. Lewis*, 750 F.2d 1251 (5th Cir. 1984) ........................................................................... 5

*E.E.O.C. v. Peterson, Howell & Heather, Inc.*, 702 F. Supp. 1213 (D. Md. 1989) ........................ 5

*Fla. Dep't of Ins. v. Chase Bank of Tex. Nat'l Ass'n*, 274 F.3d 924 (5th Cir.2001) ....................... 3

*Hampton Co. Nat. Sur., LLC v. Tunica County, Miss.*, 543 F.3d 221 (5th Cir.2008). ................. 11

*Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006 (5th Cir. 1998). ............... 2

*Inclusive Cmty. Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs ("ICP I"),* No. 3:08-CV-0546-D, 2008 WL 5191935, (N.D. Tex. Dec. 11, 2008). ........................................................ 3

*Johnson v. State of Missouri*, 142 F.3d 1087 (8th Cir. 1998) ...................................................... 14

*Johnson v. State of Mo.*, 142 F.3d 1087 (8th Cir.1998) ............................................................... 14

*Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595 (2013) .............................................. 9

*Lambert v. Hartman*, 517 F.3d 433 (6th Cir. 2008) ....................................................................... 8

*Lowe v. Clift*, No. 1:06-CV-076, 2007 WL 2112672, (E.D. Tenn. July 19, 2007) ..................... 6, 8

*Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992). ................................................................... 3

*Maryland v. Macon*, 472 U.S. 463 (1985) ..................................................................................... 7

*Maryland v. Macon*, 472 U.S. 463 (1985) ..................................................................................... 6

*Moore v. Comm'r*, 722 F.2d 193 (5th Cir. 1984) ......................................................................... 11

*Rakas v. Illinois*, 439 U.S. 128 (1978) ........................................................................................... 5

*Roark & Hardee LP v. City of Austin*, 522 F.3d 533 (5th Cir. 2008) .......................................... 15

*Rumsfeld v. Forum for Academic & Institutional Rights*, 547 U.S. 47 (2006). ........................ 8, 10

*Sanchez v. County of San Diego*, 464 F.3d 916 (9th Cir. 2006) ..................................................... 10

*Smook v. Minnehaha County*, 457 F.3d 806 (8th Cir.2006) ........................................................... 14

*Socialist Labor Party v. Gilligan*, 406 U.S. 583 (1972) ................................................................. 15

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) ............................................................................... 5

*Stamm v. Cty. of Cheyenne*, 326 F. Supp. 3d 832 (D. Neb. 2018) .............................................. 6, 9

*Stewart v. City of Red Wing*, 554 F. Supp. 2d 924 (D. Minn. 2008) ...................................... 10, 14

*Tobin v. City of Peoria*, 939 F.Supp. 628 (C.D.Ill.1996) ............................................................... 15

*United States v. Hays*, 515 U.S. 737 (1995) ..................................................................................... 2

*United States v. Herrera*, 584 F.2d 1137 (2d Cir. 1978) ................................................................. 7

*United States v. Jacobsen*, 466 U.S. 109 (1984) .............................................................................. 5

*United States v. Kennedy*, 638 F.3d 159 (3d Cir. 2011) .................................................................. 5

*United States v. Watson*, 244 F. App'x 484 (3d Cir. 2007) ............................................................ 6

*Wade v. Goodwin*, 843 F.2d 1150 (8th Cir.1988) ............................................................................ 8

*Whitmore v. Arkansas*, 495 U.S. 149 (1990) ................................................................................. 14

*Williamson v. Tucker*, 645 F.2d 404 (5th Cir.1981) ....................................................................... 2

*Wyman v. James*, 400 U.S. 309 (1971) .......................................................................................... 10

*Zaffuto v. City of Hammon*, 308 F.3d 485 (5th Cir. 2002) .............................................................. 7

**Statutes**

42 U.S.C. § 1983 .......................................................................................................................... 1, 16

28 U.S.C. § 2201 ............................................................................................................................... 3

**Rules**

Fed. R. Civ. P. 12(b)(1) .................................................................................................... 1, 2, 4, 16

**Other Authorities**

Dallas, Tex. Code § 27-32 ................................................................................................................ 1

Dallas, Tex. Code § 27-32(a)(8) ...................................................................................................... 8

Dallas, Tex. Code § 27-38(a) .......................................................................................................... 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MA LEG PARTNERS 1, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-00219-M |
| | § | |
| CITY OF DALLAS, | § | |
| Defendant. | § | |

## DEFENDANT CITY OF DALLAS'S BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, City of Dallas (the "City"), files this brief in support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.

### I.   OVERVIEW

On September 12, 2018, MA LEG Partners 1 ("Plaintiff") received a notice of violation for failing to provide an application for a rental property as required by section 27-32 of the Dallas City Code. Plaintiff subsequently filed this lawsuit alleging that section 27-32 and many other provisions of the City's rental property requirements contained in Chapter 27 of the Dallas City Code ("Chapter 27") are unconstitutional. Though Plaintiff claims nine counts of constitutional violations relating to various provisions of Chapter 27, it has never been cited or fined for any provision of Chapter 27. The only action taken by the City against Plaintiff was issuing a notice of violation for failing to submit an application under section 27-32. Plaintiff has not suffered any injury in fact. The City moves the Court to dismiss Plaintiff's claims because it failed to establish standing under Article III of the Constitution. The City has separately moved to dismiss on the grounds that, even if Plaintiff did have standing, it failed to state a claim upon which relief can be granted.

## II.   ARGUMENT AND AUTHORITIES

### A. Legal Standards Under 12(b)(1).

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of jurisdiction over the subject matter. On a Rule 12(b)(1) motion, the district court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981). In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Id*.

### B. Plaintiff lacks standing to bring its claims against the City.

A complaint must be dismissed if "the court lacks the statutory or constitutional power to adjudicate the case." *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). It is the burden of the party who seeks federal jurisdiction to "clearly allege facts demonstrating that [it] is a proper party to invoke the judicial resolution of the dispute." *United States v. Hays*, 515 U.S. 737, 743 (1995) (internal quotations and citation omitted). Standing under Article III of the Constitution is jurisdictional, such that it must be addressed before the court may undertake a consideration of the merits of a plaintiff's claims. *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 247-48 (5th Cir. 2008).

Standing requires that a plaintiff establish, for each claim, "(1) that the plaintiff have suffered an 'injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent'; (2) that there is 'a causal connection between the injury and the conduct complained of; and (3) that the injury is likely to be redressed by a favorable decision." *Fla. Dep't of Ins. v. Chase Bank of Tex. Nat'l Ass'n*, 274 F.3d 924, 929 (5th Cir.2001) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992). An injury in fact must be

"concrete and . . . actual or imminent, not conjectural or hypothetical." *Inclusive Cmty. Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs ("ICP I")*, No. 3:08-CV-0546-D, 2008 WL 5191935, at *2 (N.D. Tex. Dec. 11, 2008). Moreover, "the injury must affect the plaintiff in a personal and individual way." *Id*.

Plaintiff brought claims for constitutional violations under 42 U.S.C. § 1983 and the Declaratory Judgments Act, 28 U.S.C. § 2201. Plaintiff has the burden to allege facts that give rise to a plausible claim of standing for each of its claims. *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 134 (5th Cir. 2009). Plaintiff failed to discharge its burden and the City presents a facial challenge to Plaintiff's standing against the City. Plaintiff failed to establish standing to bring a claim for any of the constitutional violations alleged in its Complaint. As Plaintiff alleges no other federal claims sufficient to confer jurisdiction upon this Court, Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

### a. Plaintiff lacks standing to bring its Fourth and Fourteenth Amendment Claims.

Count One of Plaintiff's Complaint alleges Chapter 27 violates Plaintiff's Fourth and Fourteenth Amendment rights to privacy. (ECF No. 1 at 26). Specifically, Plaintiff complains the City's request for the following information attached to a registration application from a rental property owner violate its right to privacy:

(i) Contact information for the holder of any deed of trust or mortgage lien on the property, sec. 27-32(a)(1)(D);
(ii) Contact information for the property owner's casualty insurance carrier, sec. 27-32(a)(1)(E);
(iii) "the name and mailing address for each principal officer, director, general partner, trustee, manager, member, or other person charged with the operation, control, or management of the entity," sec. 27-32(a)(3);
(iv) "the location of business records pertaining to the rental property," sec. 27-32(a)(4);

3

      (v)      "a copy of the owner's current driver's license or other government-issued personal identification card containing a photograph of the owner, if the owner is a natural person," sec. 27-32(a)(5); and

      (vi)      "a list of businesses… operating out of the property and offering goods or services to persons residing at or visiting the property," sec. 27-32(a)(6).

(ECF No. 1 at 27)

Plaintiff contends these items "of business and personal information are protected from disclosure by the property owner's expectation of privacy pursuant to the Fourth and Fourteenth Amendments." (ECF No. 1 at 27). Yet, according to its Complaint, Plaintiff did not provide an application to the City and did not provide the information requested in items (i) through (vi) above. Therefore, no search or seizure occurred and no invasion of a legally protected interest occurred. The Fourth Amendment has no application where there has been no "search" or "seizure." *E.E.O.C. v. Peterson, Howell & Heather, Inc.*, 702 F. Supp. 1213, 1219 (D. Md. 1989); *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). As no search took place, Plaintiff suffered no injury and lacks standing to claim a violation of the Fourth Amendment or Fourteenth Amendment. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) ("A 'concrete injury' . . . must actually exist").

Additionally, Plaintiff lacks standing to assert a violation of privacy rights under the Fourth and Fourteenth Amendments because Plaintiff had no reasonable expectation of privacy in any of the materials sought by the City. *See Dickens v. Lewis*, 750 F.2d 1251, 1254 (5th Cir. 1984); *United States v. Kennedy*, 638 F.3d 159 (3d Cir. 2011) ("Fourth Amendment standing requires that the individual challenging the search have a reasonable expectation of privacy in the property searched . . . and that he manifest a subjective expectation of privacy in the property searched"). Items (i), (ii), (iii), and (vi) concern the records of other entities or individuals, and Plaintiff does not have standing to vicariously assert the Fourth Amendment rights of others. *See Dickens*, 750 F.2d at 1254 ("Dickens has no standing to challenge any search of Shelton's premises because he

4

has no legitimate expectation of privacy in the premises of a business belonging to others."); *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978) ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.") (quoting *Alderman v. United States*, 394 U.S. 165, 174, (1969)).

Even if Plaintiff could assert Fourth Amendment rights on behalf of its officers or directors, it would still lack standing because there is no reasonable expectation of privacy in the information requested in the application. Section 27-32(a) does not require an owner's home address and the business addresses of the individuals who own or control the property-owning company are generally a matter of public record and not within an individual's reasonable expectation of privacy. *See United States v. Watson*, 244 F. App'x 484, 488 (3d Cir. 2007); *Maryland v. Macon*, 472 U.S. 463, 469 (1985) (finding that there is no reasonable expectation of privacy in areas of a business where the public is invited to enter and to transact business); *Stamm v. Cty. of Cheyenne*, 326 F. Supp. 3d 832, 849 (D. Neb. 2018) ("Certainly, there is no question that an individual cannot expect to have a constitutionally protected privacy interest in matters of public record."); *Lowe v. Clift*, No. 1:06-CV-076, 2007 WL 2112672, at *6 (E.D. Tenn. July 19, 2007) ("Plaintiff … has no Fourteenth Amendment claim for the dissemination of information that is neither sensitive nor private.").

Additionally, Plaintiff failed to identify a reasonable expectation of privacy in items (iv) and (v). Item (v) does not apply to Plaintiff because it is not a natural person. Plaintiff also fails to identify a reasonable expectation of privacy in the information sought by item (iv), the location of business records pertaining to the property. Business addresses are generally a matter of public records and Plaintiff fails to identify a reasonable expectation of privacy in this information. *Maryland v. Macon*, 472 U.S. 463, 469 (1985) (finding that there is no reasonable expectation of

5

privacy in areas of a business where the public is invited to enter and to transact business). As Plaintiff does not have a reasonable expectation of privacy in any of the materials identified in Count One of its complaint, it fails to state a claim for a violation of its Fourth Amendment rights. As Plaintiff does not have a reasonable expectation of privacy in any of the materials identified in Count One of its complaint, it lacks standing to bring a claim for a violation of its Fourth Amendment rights.

### b. Plaintiff lacks standing to bring claims for violations of its Fourteenth Amendment right to privacy.

Plaintiff also fails to allege facts sufficient to demonstrate standing for a violation of its Fourteenth Amendment right to privacy. To establish standing, Plaintiff "must show that the alleged unconstitutional feature of the statute injures him, and so operates as to deprive him of a constitutional right." *United States v. Herrera*, 584 F.2d 1137, 1148 (2d Cir. 1978). Plaintiff failed to allege a violation of a liberty interest or a privacy interest protected by the Fourteenth Amendment in the information requested by the City. *See Zaffuto v. City of Hammon*, 308 F.3d 485, 490 (5th Cir. 2002) (finding Fourteenth Amendment privacy only applies to disclosures of "intimate facts"); *Wade v. Goodwin*, 843 F.2d 1150, 1153 (8th Cir.1988) ("The constitutional right to privacy is generally limited to only the most intimate aspects of human affairs."); *Lambert v. Hartman*, 517 F.3d 433 (6th Cir. 2008) (holding that plaintiff had no Fourteenth Amendment privacy interest in her name, home address, birth date, driver's license number, and social security number); *Lowe*, 2007 WL 2112672 at *6 ("Plaintiff has no privacy interest in his public presence and the inferences drawn therefrom, and he has no Fourteenth Amendment claim for the dissemination of information that is neither sensitive nor private."). Therefore, it fails to demonstrate standing for its claims under the Fourteenth Amendment.

### c. Plaintiff lacks standing to assert a Compelled Speech Claim.

In Counts One and Two, Plaintiff claims the City's application and affirming affidavit in section 27-32(a)(8) of the Dallas City Code violate its First Amendment rights against compelled speech. (ECF No. 1 at 26-29). However, compelled speech requires interference with the claimant's message. *Rumsfeld v. Forum for Academic & Institutional Rights*, 547 U.S. 47, 63 (2006). Plaintiff failed to allege an injury sufficient to establish standing for its compelled speech claim because it failed to state what its message is and how the application and affidavit alter that message. *Id.* at 63-64. Instead, Plaintiff merely complains that it was asked to provide information to verify eligibility for a program. Thus, Plaintiff fails to establish an injury to establish standing for a compelled speech claim.

### d. Plaintiff lacks standing to bring a claim under the Unconstitutional Conditions Doctrine.

The Unconstitutional Conditions Doctrine forbids burdening the Constitution's enumerated rights by coercively withholding benefits from those who exercise them. *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 606 (2013). In Counts One and Two, Plaintiff contends the City's application requirement, affidavit and self-inspection forms violate the Unconstitutional Conditions Doctrine by requiring the owner to submit the required information to engage in leasing private property. (ECF No. 1 at 26-29). However, Plaintiff has not alleged the application required by the City conditioned a benefit on a waiver of Plaintiff's constitutional rights and Plaintiff fails to allege the application requires the waiver of any rights by Plaintiff. Instead, the application requires that the property owner provide some pieces of information, several of which Plaintiff acknowledges can be publicly available. (ECF No. 1 at 8, 10, 12, 14); *Stamm v. Cty. of Cheyenne*, 326 F. Supp. 3d 832, 849 (D. Neb. 2018) ("Certainly, there is no question that an individual cannot expect to have a constitutionally protected privacy interest in matters of public record.").

Therefore, Plaintiff does not allege the City conditioned a benefit on the waiver of any constitutional rights.

As described above, the information requested to determine program eligibility is not information to which Plaintiff has a reasonable expectation of privacy and the request for information is not a search under the Fourth Amendment. *See Wyman v. James*, 400 U.S. 309, 317–18 (1971); *Sanchez v. County of San Diego*, 464 F.3d 916, 921 (9th Cir. 2006). Similarly, while the City requests information to verify program eligibility, this does not amount to compelled speech or a waiver of Plaintiff's First Amendment rights. *Forum for Academic & Institutional Rights*, 547 U.S. at 47. Therefore, Plaintiff fails to allege the City conditioned the program on a waiver of constitutional rights.

Further, while Plaintiff raises concerns about future enforcement of other portions of Chapter 27, it has not been subjected to such actions to date and the text of the statutes does not support Plaintiff's suggestion that Chapter 27 requires it to waive any rights by submitting an application. (ECF No. 1 at Exhibits A and C). Plaintiff's property has not been searched and Plaintiff failed to allege an actual or imminent injury in fact. *Stewart v. City of Red Wing*, 554 F. Supp. 2d 924, 929 (D. Minn. 2008) ("To the extent plaintiffs contend that the [Rental Dwelling Licensing Code] coerces their consent to an illegal search, none of the plaintiffs in this case has yet consented to a search of his or her rental property.").

    **e. Plaintiff lacks standing to bring an equal protection challenge**.

Plaintiff asserts the City's requirement to register and submit an application violates the equal protection clause of the Fourteenth Amendment, but it fails to allege any facts sufficient to establish standing under the equal protection clause. "[T]o to show Article III standing for constitutionally-protected equal protection claims, a plaintiff must allege that (1) there exists a

reasonable likelihood that the plaintiff is in the disadvantaged group, (2) there exists a government-erected barrier, and (3) the barrier causes members of one group to be treated differently from members of the other group." *Comer v. Cisneros*, 37 F.3d 775, 793 (2d Cir. 1994); *See also Hampton Co. Nat. Sur., LLC v. Tunica County, Miss.,* 543 F.3d 221, 228 (5th Cir.2008). Plaintiff failed to establish standing under the equal protection clause because it does not allege it is in a disadvantaged group, that there is a government erected barrier, or that the barrier causes members of one group to be treated differently from members of the other group. Indeed, Plaintiff does not cite a single fact to indicate it has been treated differently from any other group. Therefore, Plaintiff failed to establish standing to bring an equal protection claim.

### f. Plaintiff lacks standing to bring the Fifth and Fourteenth Amendment Self Incrimination claims in Count Two.

In Count Two of its Complaint, Plaintiff asserts Chapter 27 requires the property owner to submit an affidavit and self-inspection form in violation of the property owner's rights to protection from self-incrimination under the Fifth and Fourteenth Amendments. (ECF No. 1 at 28-29). Plaintiff fails to allege how the submission of an affidavit verifying its eligibility for the program will lead to self-incrimination. *See Moore v. Comm'r*, 722 F.2d 193, 195 (5th Cir. 1984) (finding speculative threats of harm do not invoke Fifth Amendment protections"). Therefore, Plaintiff fails to demonstrate an injury or threatened injury necessary to demonstrate standing for it claims under the Fifth and Fourteenth Amendments.

### g. Plaintiff fails to allege an injury in fact to establish standing for Counts Three through Eight.

In Counts Three through Eight, Plaintiff complains of speculative and hypothetical issues that may arise from enforcement of other portions of Chapter 27. (ECF No. 1 at 26-35). Plaintiff

only alleges the possibility of future injury and, thus, fails to demonstrate an injury or redressability these claims.

In Count Three, Plaintiff contends that Chapter 27 requires that the owner submit, in connection with registration of a single dwelling unit "any additional information . . . that the director deems necessary." (ECF NO. 1 at 29-35). However, Plaintiff does not plead that it was cited for violations of this provision of Chapter 27. Plaintiff does not allege nor does the text of the rental application attached to Plaintiff's complaint support the contention that the application requires the property owner to consent to providing any additional information, and Plaintiff does not even allege it was asked to provide additional information pursuant to this provision. (ECF No. 1 at Exhibit C).

In Count Four of its Complaint, Plaintiff contends that the City's requirements regarding rental property business records violate its constitutional rights. (ECF No. 1 at 30). Yet, Plaintiff does not plead it received a notice of violation or citation for violations of these provisions.

Count Five alleges "the City's inconsistent interpretation and application of Chapter 27's minimum property standards results in in erratic and ineffective communications with, and inequitable fines and penalties imposed upon, property owners in violation of their Fifth and Fourteenth Amendments rights to due process and equal protection." (ECF No. 1 at 30). Specifically, Plaintiff complains about the potential harm that could arise from repeated inspections on a property by different inspectors. (ECF No. 1 at 31). Yet again, Plaintiff fails to allege it has been injured and how a program using different code inspectors could cause a constitutional violation. Plaintiff does not allege it has been subjected to any inspections. Plaintiff has only received a notice of violation for failing to submit a required application, not for failing an inspection. Plaintiff does not allege it has been subjected to any interpretation and application

of the City's minimum property standards. Plaintiff has not received a fine or penalty under Chapter 27 for a minimum property standard violation and received no fines or penalties under Chapter 27 at all.

Count Six similarly alleges Chapter 27 lacks sufficient procedural substance regarding notice to and participation by the property owner in the "warrant issuance process." (ECF No. 1 at 31-32). Plaintiff does not allege any injury as a result of the City's warrant issuance process and, indeed, does not even contend the City sought a warrant against it.

Count Seven alleges the City's imposition of fines allowed by Chapter 27 violates the constitution. (ECF No. 1 at 33-35). However, Plaintiff has not received notice of fine, demand for payment, received a citation from the City, or paid any fine.

Count Eight similarly complains about an alleged undue risk of depriving an owner of a jury trial. (ECF No. 1 at 35). Plaintiff has not been fined, charged, or tried for any violation of Chapter 27. Plaintiff's claims are based solely on speculation about future enforcement and are not ripe. *Cheffer v. Reno,* 55 F.3d 1517, 1523-24 (11th Cir.1995) ("Challenges brought under the Eighth Amendment Excessive Fines clause are "generally not ripe until the actual, or impending, imposition of the challenged fine."). Plaintiff cannot be harmed or injured by something that has not occurred and it is speculative that it will ever occur.

Counts Three through Eight contain only allegations of possible future injuries and fail to demonstrate any injury caused by the City or any injury that can be redressed by the City. It is well-settled that "[a]llegations of possible future injury do not satisfy the requirements of Art. III." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990); *see also Johnson v. State of Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998). Plaintiff's speculation that it may one day be injured is insufficient to establish standing. *Stewart v. City of Red Wing*, 554 F. Supp. 2d 924, 929 (D. Minn. 2008) ("To

the extent plaintiffs contend that the [Residential Dwelling Licensing Code] coerces their consent to an illegal search, none of the plaintiffs in this case has yet consented to a search of his or her rental property."); *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (finding plaintiff lacked standing to seek an injunction of a police chokehold procedure because he failed to establish a real and immediate threat that he would be stopped by officers in the future and subjected to the chokehold); *Smook v. Minnehaha County*, 457 F.3d 806, 816 (8th Cir.2006) (holding that plaintiffs lacked Article III standing because "attempting to anticipate whether any of the plaintiffs would actually be detained and strip searched would take us into the area of speculation and conjecture"); *Johnson v. State of Mo.*, 142 F.3d 1087, 1089–90 (8th Cir.1998) (finding plaintiffs lacked Article III standing to challenge a state statute imposing sanctions for frivolous inmate lawsuits because no court had yet determined plaintiffs' lawsuits to be frivolous); *see also Tobin v. City of Peoria*, 939 F.Supp. 628, 635 (C.D.Ill.1996) (finding the possibility that defendant-city would violate landlords' Fourth Amendment rights, where defendant agreed to seek an administrative warrant from a reviewing judge, too speculative to create an immediate and real injury). Therefore, Plaintiff fails to demonstrate it has standing to bring Counts Three through Eight of its Complaint.

Furthermore, Plaintiff fails to demonstrate its claims in Counts Three through Eight are ripe for review. Indeed, a number of Plaintiff's arguments concern the City's enforcement practices under Chapter 27. As no enforcement has taken place to date, Plaintiff's claims are necessarily not ripe for review at this point. *See Socialist Labor Party v. Gilligan*, 406 U.S. 583, 587–88 (1972) (determining constitutional and void-for-vagueness claims were unfit for review because very little was known about the operation of the challenged affidavit requirement and its potential effect on claimants), *compare Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 (5th Cir. 2008) (finding challenge to ordinance ripe when multiple notices of violations of the challenged

provisions had been issued and evidence provided an adequate record of the ordinance's operation); *see also Cheffer v. Reno,* 55 F.3d 1517, 1523-24 (11th Cir.1995) ("Challenges brought under the Eighth Amendment Excessive Fines clause are "generally not ripe until the actual, or impending, imposition of the challenged fine.").

### h. Plaintiff fails to allege an injury in fact to establish standing for Count Nine.

In Count Nine, Plaintiff's makes the conclusory allegation that the unconstitutional provisions of Chapter 27 "deprive property owners in Dallas, Texas of rights, privilege, and immunities secured by the United States Constitution and federal laws." (ECF No. 1 at 35-36). As described above, Plaintiff failed to establish standing to bring a claim for any of the constitutional violations alleged in its Complaint and fails to establish standing under section 1983. As Plaintiff alleges no other federal claims sufficient to confer jurisdiction upon this Court, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(1).

### III. PRAYER

WHEREFORE, the City of Dallas respectfully asks the Court grant the City of Dallas' motion to dismiss for lack of jurisdiction in whole or, alternatively in part, and dismiss Plaintiff's claims against the City with prejudice.

        Respectfully submitted,
        OFFICE OF THE CITY ATTORNEY
        CITY OF DALLAS, TEXAS

        *s/ Charles A. Estee*
        CHARLES A. "CAL" ESTEE
        Assistant City Attorney
        State Bar of Texas No. 24066522
        charles.estee@dallascityhall.com

        JUSTIN ROY
        Assistant City Attorney
        State Bar No. 24013428
        justin.roy@dallascityhall.com

        7BN Dallas City Hall
        1500 Marilla Street
        Dallas, Texas 75201
        Telephone – 214/670-3519
        Telecopier – 214/670-0622

## CERTIFICATE OF SERVICE

I certify that on March 11, 2019, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case failing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.

        *s/ Charles A. Estee*
        CHARLES A. ESTEE