IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MA LEG PARTNERS 1, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-00219-M |
| | § | |
| CITY OF DALLAS | § | |
| Defendants | § | |

### DEFENDANT CITY OF DALLAS'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF DALLAS'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, City of Dallas (the "City"), files this reply to Plaintiff's response to Defendant City of Dallas's Motion to Dismiss Complaint for Failure to State a Claim and would respectfully show the Court the following:

### I.   Argument and Authorities

**A. Plaintiff fails to state a claim under the Fourth Amendment.**

Plaintiff fails to plead sufficient facts to state a claim for relief under the Fourth Amendment.[1] Specifically, Plaintiff fails to allege it was subject to a search or seizure and fails to allege it had a reasonable expectation of privacy in the information requested in the application. Plaintiff argues extensively in its response that it could be injured by future enforcement actions under Chapter 27. However, this allegation is not sufficient to state a claim under the Fourth Amendment. *See Ristow v. Hansen*, 719 F. App'x 359, 363 (5th Cir. 2018) (rejecting argument that

---

[1] The City also asserts that Plaintiff fails to demonstrate it has standing under the Fourth Amendment. However, Plaintiff's failure to demonstrate standing also shows it failed to state a claim for relief. *See Rakas v. Illinois*, 439 U.S. 128, 143–44 (1978) (stating that there is no useful analytical purpose to be served by considering a matter of standing distinct from the merits of a defendant's Fourth Amendment claim); *United States v. Pack*, 612 F.3d 341, 349 (5th Cir.), *opinion modified on denial of reh'g,* 622 F.3d 383 (5th Cir. 2010).

1

threatened arrest constituted a Fourth Amendment violation); *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843-844 (1998) (rejecting argument that an attempted seizure constitutes a search or seizure).

"'The Fourth Amendment covers only "searches and seizures..."'" *Cty. of Sacramento v. Lewis*, 523 U.S. at, 843. In order to state a claim for a violation of its Fourth Amendment rights, Plaintiff must allege it was subjected to a search or seizure of material in which it has a reasonable expectation of privacy. *See Rakas*, 439 U.S. at 143–44; *Elizondo v. Royalty Metal Furnishing, Inc.*, No. CIV.A. H-13-1631, 2013 WL 5817568, at *3 (S.D. Tex. Oct. 29, 2013) ("Plaintiffs have not alleged that any agent of the City engaged in a search or seizure of their persons or property… and therefore Plaintiffs fail to state a claim under the Fourth Amendment."); *Steele v. Police Dep't of Oakdale*, No. CIV.A. 1:08-CV-01947, 2010 WL 816177, at *4 (W.D. La. Mar. 9, 2010)(finding plaintiff failed to state a Fourth Amendment claim when "…no searches or seizures were performed, and no warrants were executed …"). The City did not search Plaintiff or seize any information from it and Plaintiff did not provide any information to the City. Therefore, Plaintiff has not alleged it was subjected to a search or seizure by the City and fails to state this basic requirement for a Fourth Amendment claim.

Plaintiff also fails to demonstrate it has a reasonable expectation of privacy in any of the information requested in the City's application. *See Childress v. Watkins*, No. 5:14-CV-748-DAE, 2014 WL 4274311, at *4 (W.D. Tex. Aug. 28, 2014) (plaintiff failed to state a claim when plaintiff had no reasonable expectation of privacy in the area searched and "thus did not suffer any invasion of his Fourth Amendment rights."); *Patel v. City of Montclair*, 798 F.3d 895, 897–98 (9th Cir. 2015) (finding plaintiff failed to state claim for Fourth Amendment violation when he failed to contend he had a reasonable expectation of privacy); *Griggs v. City of Gadsden Revenue Dep't*,

No. MC-07-BE-1127-E, 2008 WL 11447873, at *5 (N.D. Ala. Sept. 17, 2008), aff'd, 327 F. App'x 186 (11th Cir. 2009)

Plaintiff complains the City's application form violates its Fourth Amendment rights by requesting six pieces of information that Plaintiff deems objectionable. However, as addressed in more detail in the City's Brief in Support of its Motion to Dismiss for Failure to State a Claim and the City's Reply to Plaintiff's Response to the City of Dallas's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Plaintiff fails to identify a reasonable expectation of privacy in any of these items.

Plaintiff relies on *Dearmore v. City of Garland* and *Gem Financial Services v. City of New York* in support of its argument that it has a reasonable expectation of privacy in these items. In *Dearmore*, the court enjoined the City of Garland from enforcing an ordinance that required a person renting property to allow a warrantless inspection of the property as a condition of issuing a permit and penalized a person for refusing an inspection. *Dearmore v. City of Garland*, 400 F.Supp.2d 894, 900 (N.D. Tex. 2005). Neither condition applies to Plaintiff's claims against the City, which concern information requested in an application form and not a warrantless search. Indeed, the City's ordinance requires the City to obtain consent or an administrative search warrant for an inspection. *See* Dallas, Tex. Code §§ §27-5(b); 27-3.1(c)(1); 27-38(a); (ECF No. 1 at 48, 50, 85). Similarly, *Gem Financial* involved an ordinance that allowed warrantless searches and seizures of items from pawn shops. *Gem Financial Services, Inc. v. City of New York*, 298 F.Supp.2d 464, 479-80 (E.D. N.Y. 2018). Accordingly, both cases are quite distinct from the ordinances at issue and neither case has any bearing on this dispute.

### B. Plaintiff fails to state a compelled speech claim.

"[T]o state a proper compelled-speech claim, a plaintiff must object to a message conveyed by the speech he is required to utter." *Cressman v. Thompson*, 798 F.3d 938, 961 (10th Cir. 2015). "[M]erely objecting to the fact that the government has required speech is not enough; instead, a party must allege some disagreement with the viewpoint conveyed by this speech." *Id*. Plaintiff fails to meet this requirement to state a compelled speech claim because it fails to allege it is being forced to communicate a message with which it disagrees. Nowhere in its Complaint or Response does Plaintiff identify or object to any particular message the City allegedly requires it to convey. Instead, Plaintiff merely objects to the City requesting it speak at all and Plaintiff's complaint is insufficient to state a compelled speech claim. *Id*.; *Little Sisters of the Poor Home for the Aged v. Burwell*, 794 F.3d 1151, 1203 (10th Cir. 2015) (rejecting a compelled-speech claim because "the regulations do not require an organization seeking an accommodation to engage in speech it finds objectionable or would not otherwise express") vacated and remanded sub nom. *Zubik v. Burwell*, ⸺ U.S. ⸺, 136 S.Ct. 1557, 1561 (2016).

The Fifth Circuit recognizes that "the right not to speak has been limited to the context of government-compelled speech with respect to a particular political or ideological message." *Alexander v. City of Round Rock*, 854 F.3d 298, 308 (5th Cir. 2017); *United States v. Arnold,* 740 F.3d 1032 (5th Cir. 2014) (sex offender registration requirement did not violate compelled speech doctrine because it did not require him to "(a) affirm a religious, political, or ideological belief he disagree[d] with or (b) to be a moving billboard for a governmental ideological message."); *see also Rumsfeld v. Forum for Academic and Institutional Rights, Inc*., 547 U.S. 47, 62 (2006).

Plaintiff relies on an unpublished case from the Eastern District of Texas, *Associated Builders and Contractors of Southeast Texas v. Rung*. *Associated Builders & Contractors of Se.*

4

*Texas v. Rung*, No. 1:16-CV-425, 2016 WL 8188655, at *8 (E.D. Tex. Oct. 24, 2016) to support its argument that the compelled speech doctrine applies. However, unlike the regulation in *Associated Builders*, the City does not require Plaintiff to engage in public speech of any kind and it does not require Plaintiff to communicate the controversial opinions and allegations of others against Plaintiff. Instead, the City merely requires the applicant to provide basic information to verify its eligibility for the program.[2] The application requires only that the applicant provide basic factual information and execute an affidavit that verifies the property is currently in compliance with zoning laws. None of these requirements compel the applicant to engage in public speech and none of the matters requested concern "matters of considerable controversy adversely affecting their public reputations." *Id*.

In *Morales v. Daley*, the court considered whether the requirement to disclose demographic data in a census form constitutes compelled speech. *Morales v. Daley*, 116 F. Supp. 2d 801, 816 (S.D. Tex. 2000). The court held the compelled speech doctrine did not apply because "[s]ince it is only information being sought, and plaintiffs are not being asked 'to disseminate publicly a message with which [they] disagree [ ],' the First Amendment protection against compelled speech does not prevent the government from requiring the plaintiffs to answer these questions." *Id*. at 816. Other courts have similarly rejected the application of the compelled speech doctrine when the government seeks basic information from citizens and does not require them to make public disclosures. *See United States v. Sindel*, 53 F.3d 874 (8th Cir.1995) (rejecting claim that requirement to provide information in an IRS form is compelled speech); *McCann v. Texas*, No. 3:16-CV-335, 2017 WL 2799867, at *2, note 3 (S.D. Tex. June 27, 2017) (rejecting application of

---

[2] Plaintiff complains about the City referring to the rental property registration as a program but, as shown in Exhibit C of Plaintiff's Complaint, the City's Registration Guide specifically refers to the Chapter 27 requirements as the "Single Family Rental Registration Program." (ECF No. 1 at 8, 99, 102, 104).

compelled speech where officer asked citizen to provide basic identifying information during a traffic stop because the individual "was not compelled to publicly disseminate an ideological message he found repugnant").

As in *Morales*, the City does not ask Plaintiff to disseminate a message with which it disagrees and it does not require Plaintiff to disclose information about a controversial matter. Instead, it seeks basic and routine information in an application form. Similarly, in *Pharmaceutical Care Management Ass'n v. Rowe*, the First Circuit upheld Maine's pharmacy disclosure requirements in a compelled speech challenge. *Pharm. Care Mgmt. Ass'n v. Rowe*, 429 F.3d 294, 316 (1st Cir. 2005). The court held there is no compelled speech claim for "routine disclosure of economically significant information designed to forward ordinary regulatory purposes…" The Court noted "[t]here are literally thousands of similar regulations on the books"[3] and "[t]he idea that these thousands of routine regulations require an extensive First Amendment analysis is mistaken." *Id*. at 316. The City asks for basic information to verify compliance and eligibility for the rental registration program. It does not force Plaintiff to adopt a viewpoint or message or make a public disclosure of any kind. Therefore, Plaintiff fails to state a claim under the compelled speech doctrine.

Furthermore, the government may condition the grant of a discretionary benefit on a waiver of rights "if the condition is rationally related to the benefit conferred." *United States v. Geophysical Corp. of Alaska,* 732 F.2d 693, 700 (9th Cir.1984); *see also Dolan v. City of Tigard,* 512 U.S. 374, 386 (1994). Even if submitting an application and verification of compliance with zoning laws were considered to be a waiver of rights, this waiver is rationally related to the

---

[3] The court cited examples of "product labeling laws, environmental spill reporting, accident reports by common carriers, SEC reporting as to corporate losses and (most obviously) the requirement to file tax returns to government units who use the information to the obvious disadvantage of the taxpayer." *Id*.

rental property program. Plaintiff failed to state a claim because it fails to allege this requirement is not rationally related to the benefit conferred.

### C. Plaintiff fails to state a claim under the equal protection clause.

To state a claim for a violation of the equal protection clause, Plaintiff must demonstrate that it has been treated differently due to its membership in a protected class and that the unequal treatment stemmed from discriminatory intent. *Hampton Co. Nat. Sur., LLC v. Tunica County, Miss.,* 543 F.3d 221, 228 (5th Cir.2008). Plaintiff failed to allege any fact to support these requirements. In its reply, Plaintiff asserts it has stated an equal protection claim because "(a) in Count Five, the inequitable code enforcement policies and practices pursued by the City under Chapter 27, and (b) in Count Three, the City's director having unilateral authority to require information and records pursuant to secs. 27-32(a)(8) and 27-32(b)(10) separately from each owner registering a property." (ECF No. 14 at 25-26). None of these allegations concern whether Plaintiff has been treated differently due to its membership in a protected class or whether the treatment stemmed from discriminatory intent. Indeed, Plaintiff does not even allege it is in a protected class. Therefore, Plaintiff fails to state a claim under the equal protection clause.

### D. Plaintiff fails to state a claim under the unconstitutional conditions doctrine.

"[I]n order to assert a claim under the unconstitutional conditions doctrine, a plaintiff must allege that the government has conditioned receipt of a benefit on the curtailment of the plaintiff's constitutional rights." *Scahill v. D.C.,* 271 F. Supp. 3d 216, 227 (D.D.C.), reconsideration denied, 286 F. Supp. 3d 12 (D.D.C. 2017), aff'd in part, rev'd in part, 909 F.3d 1177 (D.C. Cir. 2018, and aff'd, 909 F.3d 1177 (D.C. Cir. 2018). "[A] plaintiff invoking the doctrine must plausibly allege that the government's coercive conduct caused it to relinquish a right rooted in the Constitution. *Keystone Montessori Sch. v. Vill. of River Forest*, 316 F. Supp. 3d 1061, 1064 (N.D. Ill. 2018).

Plaintiff fails to state a claim that the City's application requirement and affirming affidavit require Plaintiff to waive its constitutional rights.

Plaintiff argues the "condition" is the City's requirement that is submit an application before renting residential property. Plaintiff's argument presumes, but as detailed above, does not establish, the application requirement constitutes an unreasonable search and the unconstitutional conditions doctrine applies. However, the application is not a search or seizure and does not seek information to which Plaintiff has a reasonable expectation of privacy. Consequently, no predicate constitutional right was implicated and, by definition, the unconstitutional condition doctrine does not apply. *See Rumsfeld v. Forum for Academic & Institutional Rights, Inc.,* 547 U.S. 47, 59-60 (2006)(holding that unconstitutional condition doctrine does not apply where the condition sought to be enjoined can be constitutionally imposed.).

While Plaintiff asserts, without authority, that it has a constitutional right to rent its property, the Supreme Court has long held there is no absolute right to rent property. *Eiger v. Garrity,* 246 U.S. 97, 102-103 (1918)("The owner of such building has no absolute right to rent his property for any and all purposes. The use of property may be regulated under the police power of the State in the public interest in such manner as to safeguard the health and welfare of the community"); *Buchanan v. Warley,* 245 U.S. 60, 74 (1917)("True it is that dominion over property springing from ownership is not absolute and unqualified. The disposition and use of property may be controlled in the exercise of the police power in the interest of the public health, convenience, or welfare."). The fact that Plaintiff might have to make a choice between registering its property or submitting an application that does not implicate Fourth Amendment rights, does not implicate the unconstitutional conditions doctrine. *See, e.g., Gilmore v. Gonzales,* 435 F.3d 1125, 1138-1139 (9th Cir. 2006)(holding that the requirement of submitting identification and undergoing a search

8

in order to board a flight does not trigger the unconstitutional condition doctrine because plaintiff has the option of leaving the airport without being searched.). The unconstitutional condition doctrine does not apply because under no circumstance is Plaintiff subject to an unreasonable search or otherwise required to waive its constitutional rights.

Further, the application requirement is not a condition but rather a valid exercise of the City's police power. Other cities have seen far more burdensome conditions on rental properties upheld as constitutionally valid. *See, e.g., Wyman,* 400 U.S. at 317-319; *Platteville Area Apartment Ass'n v. City of Platteville,* 179 F.3d 574, 576-577, 582 (7th Cir. 1999)(city ordinance allowing periodic searches of rental properties to assess compliance with city housing code held constitutional); *Rozman v. City of Columbia Heights,* 268 F.3d 588 (8th Cir. 2001)(upholding revocation of owner's rental license for failure to allow inspection of tenant-occupied apartments as constitutionally valid.); s*ee also, Yanke v. City of Delano, Minn.,* 171 Fed. Appx. 532 (8th Cir. 2006)(non-precedential) (holding that ordinance which imposed surcharge on property owners who refused to obtain inspection by city or licensed plumber to verify the absence of prohibited discharge into city sewer system did not implicate Fourth Amendment.); *Mann v. Calumet City*, Ill., 588 F.3d 949, 951 (7th Cir. 2009) ("…ordinances such as this one are common and have withstood constitutional attack in all cases that we know of in which the ordinance avoided invalidation under the Fourth Amendment by requiring that the city's inspectors obtain a warrant to inspect a house over the owner's objection."). The City's requirement that owners of rental properties provide basic information in an application form does not require a waiver of Plaintiff's constitutional rights and Plaintiff fails to state a claim under the unconstitutional conditions doctrine.

## PRAYER

WHEREFORE, the City of Dallas respectfully asks the Court grant the City of Dallas' motion to dismiss for failure to state a claim and dismiss Plaintiff's claims against the City with prejudice.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
Interim City Attorney

 s/ Charles A. Estee
CHARLES A. "Cal" ESTEE
Assistant City Attorney
State Bar of Texas No. 24066522
cal.estee@dallascityhall.com

JUSTIN H. ROY
Assistant City Attorney
State Bar No. 24013428
justin.roy@dallascityhall.com

7BN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone – 214/670-3519
Telecopier – 214/670-0622

**ATTORNEYS FOR DEFENDANT
THE CITY OF DALLAS**

## CERTIFICATE OF SERVICE

I certify that on April 29, 2019, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case failing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                *s/ Charles A. Estee*
                                                CHARLES A. ESTEE