**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MA LEG PARTNERS 1,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:19-cv-00219-M** |
| | § | |
| **CITY OF DALLAS,** | § | |
| **Defendant.** | § | |

**DEFENDANT CITY OF DALLAS'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT CITY OF DALLAS'S MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant files this reply to Plaintiff's Response to Defendant City of Dallas's Motion to

Dismiss for Lack of Subject Matter Jurisdiction and would respectfully show the Court as follows:

**I.      ARGUMENT AND AUTHORITIES**

**A.  Plaintiff lacks Fourth Amendment standing.**

**a.  No Search or Seizure Took Place**

"Fourth Amendment standing requires that the individual challenging the search have a

reasonable expectation of privacy in the property searched . . . and that he manifest a subjective

expectation of privacy in the property searched." *United States v. Kennedy*, 638 F.3d 159 (3d Cir.

2011). Plaintiff has not been subject to a search or seizure by the City. While Plaintiff asserts the

application form is a "*de facto* search", it offers no authority for this position. Rather, the definition

of a search or seizure under the Fourth Amendment is well defined and the City's application form

is far outside those definitions. *See U.S. v. Jacobsen*, 466 U.S. 109, 113 (1984) ("A 'search' occurs

when an expectation of privacy that society is prepared to consider reasonable is infringed. A

'seizure' of property occurs when there is some meaningful interference with an individual's

possessory interests in that property."). The City's application form does not take any information from Plaintiff without its consent and it does not infringe on a reasonable expectation of privacy. Several courts have found that similar requests for information are not searches or seizures under the Fourth Amendment. *Caulfield v. Bd. of Educ. of the City of New York*, 583 F.2d 605 (2d Cir.1978) (finding "there is no search or seizure" in the context of such a census and calling the Fourth Amendment challenge" frivolous); *Whalen v. Roe*, 429 U.S. 589, 604 n. 32 (1977)(upholding statute requiring submission of form with patient's name to State Department of Health).

The Supreme Court has held that far more onerous eligibility verification requirements are not "searches" under the Fourth Amendment. In *Wyman v. James*, the Supreme Court held that home visits by a social worker, pursuant to the administration of New York's welfare program were not searches because they were made for the purpose of verifying eligibility, not as part of a criminal investigation. *Wyman v. James*, 400 U.S. 309, 317–18 (1971). In *Sanchez v. County of San Diego*, the Ninth Circuit followed *Wyman* and held that an in-home interview with District Attorney investigators to determine eligibility for state welfare benefits was not a search under the Fourth Amendment. *Sanchez v. Cnty. of San Diego*, 464 F.3d 916, 921 (9th Cir.2006). The Seventh Circuit has also upheld a verification program, under which county caseworkers would conduct home visits in order to verify the contents of the welfare beneficiary's application. *S.L. v. Whitburn*, 67 F.3d 1299, 1311 (7th Cir.1995).

In *Marcavage v. Borough of Lansdowne, Pa.*, the Third Circuit held that that an ordinance which required a city official to inspect a prospective rental property before it issued a permit was not a violation of the Fourth Amendment. *Marcavage v. Borough of Lansdowne, Pa.*, 493 F. App'x 301, 306 (3d Cir. 2012). The Third Circuit followed *Wyman* and held that the ordinance in question

"would pass constitutional muster based on the fact that it requires a limited search by a city official for the specific purpose of receiving a benefit under the law." *Id.* at 306. Notably, the City's requirement is far less burdensome than the requirements upheld in *Marcavage* and only requires that the applicant submit an application. As in *Wyman, Sanchez*, and *Marcavage*, the City's application requirement is not a search because it merely requests information for eligibility verification and is not part of a criminal investigation.[1] Plaintiff fails to allege it was subjected to a search or seizure by the City and it does not have standing to bring a claim for a violation of the Fourth Amendment.[2]

### b.  Plaintiff does not have a reasonable expectation of privacy.

Plaintiff complains of six requested items on the City's application[3] but lacks standing under the Fourth and Fourteenth Amendments because it fails to demonstrate a reasonable expectation of privacy in any of those items. *See Dickens v. Lewis*, 750 F.2d 1251, 1254 (5th Cir. 1984); *United States v. Kennedy*, 638 F.3d 159 (3d Cir. 2011). To have a reasonable expectation of privacy, the "expectation must be 'personal[ ]' and 'reasonable,' and it must have a 'source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society." *United States v. Iraheta*, 764 F.3d 455, 461 (5th Cir. 2014), *quoting United States v. Hernandez,* 647 F.3d 216, 218 (5th Cir. 2011).

---

[1] Plaintiff complains about the City referring to the rental property registration as a program but, as shown in Exhibit C of Plaintiff's Complaint, the City's Registration Guide specifically refers to the Chapter 27 requirements as the "Single Family Rental Registration Program." (ECF No. 1 at 8, 99, 102, 104).

[2] The City also contends that Plaintiff's failure to allege a search or seizure means it failed to state a claim for relief. *See Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978) (stating that there is no useful analytical purpose to be served by considering a matter of standing distinct from the merits of a defendant's Fourth Amendment claim); *United States v. Pack*, 612 F.3d 341, 349 (5th Cir.), *opinion modified on denial of reh'g,* 622 F.3d 383 (5th Cir. 2010).

[3] Plaintiff identifies these items in its Complaint and Response as Items (i)-(vi) and, for clarity, the City will use the same references as Plaintiff.

Item (i) is the contact information for the holder of any deed of trust or mortgage lien on the rental property being registered. Plaintiff states that its concern is that "the City will use this contact information to communicate with its lienholder with the consequence, intentional or not, of interfering with MA LEG's contractual relationship." (ECF No. 15 at 14-15). Plaintiff's concerns are speculative and have nothing to do with a reasonable expectation of privacy in the contact information of the lienholder. Indeed, liens are recorded and a matter of public record. Plaintiff does not identify any reasonable expectation of privacy in this information. *Katz v. United States*, 389 U.S. 347, 351 (1967) ("What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection.").

Item (ii) is a request for the contact information for the applicant's insurer. Plaintiff claims, without authority, that "[p]rivacy as to the nature and extent of insurance coverage is a key interest in the property business." (ECF No. 15 at 15). However, the City does not require the "nature and extent of insurance" but rather the contact information for the insurance carrier. Also, in a variety of contexts, courts have found there is no reasonable expectation of privacy in insurance information. *See United States v. Zavala*, 541 F.3d 562, 577 (5th Cir. 2008) (motorist has no reasonable expectation of privacy in proof of insurance documents); *United States v. Welliver,* 976 F.2d 1148, 1153 (8th Cir.1992) (employer had no objectively reasonable expectation of privacy in information contained in insurance company reports disclosed by employee). Insurance information is clearly not within a reasonable expectation of privacy because it is required to be disclosed in the early stages of all federal litigation. Fed. R. Civ. P. 26(a)(1)(iv) (providing for insurance agreements to be included with initial disclosures).

Plaintiff fails to demonstrate it has a reasonable expectation of privacy in Item (iii), the mailing addresses of its owners and managers. Plaintiff only states that "the individual owners'

information, even business information, is increasingly less likely to be public." (ECF No. 15 at 23). Plaintiff does not demonstrate the information is nonpublic and certainly does not establish it is within the company's reasonable expectation of privacy.

Further, items (i), (ii), and (iii) seek only basic contact information such as names and addresses, which are generally not considered information in which an individual has a reasonable expectation of privacy. *Charron v. City of N. Platte*, No. 4:18-CV-3090, 2018 WL 5634357, at *3 (D. Neb. Oct. 31, 2018) (finding name, address, and vehicle information not within reasonable expectation of privacy); *see also Kennedy v. City of Braham*, 67 F. Supp. 3d 1020, 1032 (D. Minn. 2014); *Condon v. Reno*, 155 F.3d 453, 464–65 (4th Cir.1998) (holding names and address are "the very sort of information to which individuals do not have a reasonable expectation of privacy"), *rev'd on other grounds by Reno v. Condon,* 528 U.S. 141 (2000); *see also Nelson v. Jesson*, No. 13–cv–340 (RHK/JJK), 2013 WL 5888235, at *5 (D. Minn. Nov. 1, 2013) (finding no reasonable expectation of privacy in records that included name, date of birth, driver's license number and status, address, photograph, weight, height, and eye color); *United States v. Dasinger*, 650 F. App'x 664, 672 (11th Cir. 2016). Further, even if there was a privacy interest, it would belong to the respective lienholders, insurance companies, and owners or managers, not Plaintiff itself. *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978) ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.") (*quoting Alderman v. United States*, 394 U.S. 165, 174, (1969)); *S.L. v. Whitburn*, 67 F.3d 1299, 1311 (7th Cir. 1995) ("…plaintiffs clearly have no Fourth Amendment standing to object to contacts made of third parties").

Item (iv) seeks the location of business records pertaining to the rental property. Plaintiff complains that the City does not require this information to enforce Chapter 27. (ECF No. 15 at 16). Even if Plaintiff were correct, its argument would not establish standing under the Fourth

Amendment. "[R]ecords required to be kept pursuant to valid regulatory programs have a 'public aspect' for purposes of constitutional analysis, and thus are not private papers entitled to the protection of the [F]ourth or [F]ifth amendments." *Donovan v. Mehlenbacher*, 652 F.2d 228, 231 (2d Cir. 1981) (applying the "required records" doctrine to documents required to be kept by labor regulations); *Sec. & Exch. Comm'n v. Olsen*, 243 F. Supp. 338, 339 (S.D.N.Y. 1965)(holding production of SEC required documents to be "quasi-public records" and did not constitute an unreasonable search and seizure under the Fourth Amendment); *Glenwood TV, Inc. v. Ratner*, 103 A.D.2d 322, 480 N.Y.S.2d 98, 102–03 (1984) ("It is clear that 'the modern businessman has little or no expectation of privacy in his business records, especially those documents prepared in compliance with regulatory requirements' "), *aff'd*, 65 N.Y.2d 642, 491 N.Y.S.2d 620, 481 N.E.2d 252 (1985). Plaintiff does not claim it has commercially sensitive information in its business records, fails to demonstrate a reasonable expectation of privacy in its business records, and fails to allege a reasonable expectation of privacy in the mere location of its business records.

Item (v) requests the official recording information for the owner's deed and any other instruments evidencing ownership of the rental property being registered. Plaintiff acknowledges that "official recording information" "presumably refers to matters of public record." [4] (ECF No. 15 at 16). However, it alleges "any other instruments evidencing ownership of the rental property' may not be, and need not be public." *Id*. Whether Plaintiff is correct or not, its mere assertion that the information may not be public is not sufficient to demonstrate a reasonable expectation of privacy.

---

[4] Plaintiff notes that its Complaint mistakenly quotes section 27-32(a)(7) rather than section 27-32(a)(5) when referencing item (v). The City addressed section 27-32(a)(7) in its Brief and now addresses 27-32(a)(5) in this Reply. Defendant asserts Plaintiff does not have a reasonable expectation of privacy in the information identified in either provision. (ECF No. 15 at 30).

Item (vi) requests a list of all businesses operating out of the property and offering goods or services to persons residing at or visiting the property. In its Response, Plaintiff cites concerns about having "difficulty obtaining this information" from its tenants. (ECF No. 15 at 17). Plaintiff's supposed difficulty in obtaining this information does not constitute a violation of its reasonable expectation of privacy. Indeed, Plaintiff has no reasonable expectation of privacy in the information sought by this request at all. *See Katz*, 389 U.S. at 351; *Maryland v. Macon*, 472 U.S. 463, 469 (1985) (no reasonable expectation of privacy in areas of a business where the public is invited to enter and to transact business); *United States v. Watson*, 244 F. App'x 484, 488 (3d Cir. 2007) (no expectation of privacy identified in warrantless entry of public store). Further, it would be the tenant or business, not Plaintiff, whose rights are implicated. *Rakas*, 439 U.S. at 133–34. Therefore, Plaintiff fails to demonstrate standing under the Fourth Amendment for this item.

### B.  Plaintiff lacks standing under the Compelled Speech Doctrine.

Plaintiff relies on an unpublished case from the Eastern District of Texas, *Associated Builders and Contractors of Southeast Texas v. Rung*, in support of its argument that it has standing to bring a compelled speech claim. In *Associated Builders*, the court held that federal labor regulations requiring federal contractors and subcontractors to report for public disclosure alleged violations of federal labor was unconstitutional compelled speech. *Associated Builders & Contractors of Se. Texas v. Rung*, No. 1:16-CV-425, 2016 WL 8188655, at *8 (E.D. Tex. Oct. 24, 2016). The court found that the regulation required the disclosure of "merely the opinions of agency employees who chose to issue notices, send letters, issue citations, or lodge complaints accusing a contractor of violating a labor law as if those opinions were actually labor law violations…" *Id*. The court found the public disclosure of these potentially unfounded alleged labor law violations could irreparably harm the organization and held the plaintiff had standing

and demonstrated an injury to its members if the rule was allowed to take effect. *Id*. The court found "[t]he Executive Order's unprecedented requirement … compels contractors to engage in public speech on matters of considerable controversy adversely affecting their public reputations and thereby infringing on the contractors' rights under the First Amendment." *Id*.

In contrast to *Associated Builders*, the City does not require Plaintiff to engage in public speech of any kind. The application requires only that the applicant provide basic factual information and execute an affidavit that verifies the property is currently in compliance with zoning laws. The City's requirement does not compel the applicant to disclose any violations or to make a public disclosure. Further, none of the matters requested by the City concern "matters of considerable controversy adversely affecting their public reputations." *Id*.

Plaintiff claims it "objects to the City's compelling it to submit documents and information in a context harmful to itself as part of registering the Property in order to legally lease it." (ECF No. 15 at 25). Yet, Plaintiff does not allege how it will be harmed by providing this information to the City or even what it finds objectionable about the message conveyed by this information. Much of the information Plaintiff complains about concerns the identity of its owners and information related to third parties. Plaintiff fails to demonstrate standing for these individuals. *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 40 (2d Cir. 2015) (finding corporation did not have standing to bring a compelled speech claim based on the requirement that it disclose the identity of its owners and third parties).

The Fifth Circuit recognizes that "the right not to speak has been limited to the context of government-compelled speech with respect to a particular political or ideological message." *Alexander v. City of Round Rock*, 854 F.3d 298, 308 (5th Cir. 2017); *United States v. Arnold*, 740 F.3d 1032 (5th Cir. 2014); *see also Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*,

547 U.S. 47, 62 (2006). Plaintiff has not alleged an interference with its ideological message and has not alleged it has been forced express a message of any kind. Therefore, Plaintiff fails to establish an injury to establish standing for a compelled speech claim.

### C.  Plaintiff lacks standing under the equal protection clause.

Plaintiff asserts it has standing under the equal protection clause because of alleged inequitable enforcement policies and the authority given to the director. (ECF No. 15 at 28).  None of these allegations give Plaintiff standing under the equal protection clause. "[T]o to show Article III standing for constitutionally-protected equal protection claims, a plaintiff must allege that (1) there exists a reasonable likelihood that the plaintiff is in the disadvantaged group, (2) there exists a government-erected barrier, and (3) the barrier causes members of one group to be treated differently from members of the other group." *Comer v. Cisneros*, 37 F.3d 775, 793 (2d Cir. 1994); *see also Hampton Co. Nat. Sur., LLC v. Tunica County, Miss.,* 543 F.3d 221, 228 (5th Cir. 2008). Plaintiff failed to meet these requirements and did not establish standing.

### D.  Plaintiff lacks standing under the Unconstitutional Conditions Doctrine.

As Plaintiff fails to establish standing to bring any predicate constitutional claim, it also lacks standing to bring a claim under the unconstitutional conditions doctrine.

### E.  Plaintiff's claim should be dismissed under the *Younger* abstention doctrine.

Finally, in its response, Plaintiff attaches the opinion in *Texas MBM, LLC v. City of Dallas*, No. H170515001, a state court proceeding involving alleged Chapter 27 violations. (ECF No. 15, Exhibit C). As Plaintiff notes, in *Texas MBM*, the state court found the notice of violation was improperly issued and rendered judgment that the City take nothing. (ECF No. 15 at 12). The Plaintiff in *Texas MBM* raised constitutional challenges to Chapter 27 but the court did not reach

those issues because the issue was decided under state law. By citing and attaching *Texas MBM*, Plaintiff raises a compelling argument for the application of the *Younger* abstention doctrine.

Under *Younger,* federal courts must abstain from enjoining state proceedings when "(1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions." *Outdoor Media Dimensions, Inc. v. Warner*, 58 F. App'x 293, 294 (9th Cir. 2003). This case meets the criteria for abstention under *Younger*. First, several courts have recognized that state proceedings are "ongoing," for purposes of *Younger*, after a notice of violation is served. *Outdoor Media Dimensions, Inc. v. Warner*, 58 F. App'x 293, 294 (9th Cir. 2003); *Teen Rescue v. Xavier Becerra*, No. 219CV00457JAMEFB, 2019 WL 1572934, at *1 (E.D. Cal. Apr. 11, 2019). Second, the proceedings clearly implicate important state interests. The purpose of Chapter 27 "is to protect the health, safety, morals, and welfare of the citizens of the city of Dallas by establishing minimum standards applicable to residential and nonresidential structures." Dallas, Tex. Code § 27(a); (ECF No. 1 at 44). Plaintiff acknowledges that Chapter 27 "has a legitimate purpose in enforcing health and safety standards for rental housing by inspections and other enforcement procedures." (ECF No. 1 at 2). Finally, as *Texas MBM* demonstrates, the state court proceedings provide an adequate opportunity for the Plaintiff to raise federal questions. Therefore, under the *Younger* abstention doctrine, the court should stay plaintiff's claim until the state judiciary has had an opportunity to apply the law to plaintiff's case.

### PRAYER

WHEREFORE, the City of Dallas respectfully requests the Court grant the City of Dallas' motion to dismiss for lack of jurisdiction and dismiss Plaintiff's claims against the City with prejudice.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
Interim City Attorney

 *s/ Charles A. Estee*
CHARLES A. "Cal" ESTEE
Assistant City Attorney
State Bar of Texas No. 24066522
cal.estee@dallascityhall.com

JUSTIN H. ROY
Assistant City Attorney
State Bar No. 24013428
justin.roy@dallascityhall.com

7BN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone – 214/670-3519
Telecopier – 214/670-0622

**ATTORNEYS FOR DEFENDANT
THE CITY OF DALLAS**


## CERTIFICATE OF SERVICE

I certify that on April 29, 2019, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case failing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.

*s/ Charles A. Estee*
CHARLES A. ESTEE