IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MA LEG PARTNERS 1, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-00219-M |
| | § | |
| CITY OF DALLAS, | § | |
| Defendant. | § | |

### DEFENDANT CITY OF DALLAS'S UNOPPOSED MOTION FOR CLARIFICATION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant City of Dallas ("City") respectfully requests that the Court clarify its February 13, 2020, notice of hearing order and would respectfully show the Court as follows:

### I.   SUMMARY

Plaintiff filed this lawsuit on January 28, 2019, alleging that several provisions of the City's rental property registration program contained in Chapter 27 of the Dallas City Code ("Chapter 27") are unconstitutional. (ECF No. 1). In response, the City filed motions to dismiss under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 8 and 10). On February 13, 2020, the Court issued the following notice of hearing with the following order:

> Motion to Dismiss hearing set for 3/3/2020 at 10:30 AM in US Courthouse, Courtroom 1525, 1100 Commerce St., Dallas, TX 75242-1310 before Judge Brantley Starr. Counsel for the City of Dallas should be prepared to discuss the consistency in legal arguments in this case and the arguments of the City of Dallas advanced in *City of El Cenizo v. State*, 264 F. Supp. 3d 744 (W.D. Tex. 2017). (chmb)

(ECF No. 22).

The City files this motion to seek clarification of the above order in order to prepare for the hearing and be able to adequately address the Court's concerns. Thus, the City respectfully

requests the Court clarify the legal arguments that may be inconsistent between the City's position in the present case and in the *City of El Cenizo* case.

## II.    ARGUMENT

The undersigned counsel did not work on the *City of El Cenizo* case and, in fact, the City filed suit in the case several weeks before he joined the City Attorney's Office. However, based on a review of the pleadings, the *City of El Cenizo* case involved a challenge to SB4, a law which prohibited certain local government policies and prohibited local entities from limiting the enforcement of federal immigration law. *City of El Cenizo, Texas v. Texas*, 890 F.3d 164, 173–74 (5th Cir. 2018). The City, along with other plaintiffs, brought thirteen causes of action in the *City of El Cenizo* case, which are summarized below:

1. The City argued that SB4 violated the Supremacy Clause of the U.S. Constitution by regulating matters that are exclusively reserved to the federal government and, in the alternative, interfered with the implementation and enforcement of federal laws and regulations.

2. The City argued SB4 violated the Due Process Clause of the United States and Texas Constitutions because it failed to provide sufficient notice and definiteness to local governments.

3. The City argued SB4 violated the First and Fourteenth Amendments of the U.S. Constitution and Article I, Section 8 of the Texas Constitution by restricting and penalizing the protected speech and actions by local governments, their elected representatives, officials, and employees. Specifically, the City complained about the prohibition on the prohibition on city officials "endorsing" a policy contrary to SB4 or immigration law.

4. The City argued SB4 violated the Fourth and Fourteenth Amendments of the United States Constitution by compelling local governments to conduct unconstitutional searches and seizures. The City argued it would be injured and exposed to liability and legal challenges from individuals claiming violations of their constitutional rights.

5. The City argued SB4 violated the Equal Protection Clause of the U.S. and Texas Constitutions by directing local governments to ignore individuals' equal protection rights in formulating policy or taking or declining to take actions.

6. The City argued SB4 violated the Contracts Clause of the United State Constitution by directing local governments to ignore the rights of individuals, businesses, and other entities and expose the City to liability for claims for impairment of contracts.

7. The City argued SB4's provision for the removal from office of an elected official who fails to comply with SB4 resulted in a violation of the Voting Rights Act of 1965.

8. The City argued SB4 violated the Tenth Amendment of the U.S. Constitution by directing local governments to administer federal regulatory laws, programs, and policies.

9. The City argued SB4 violated the Home Rule provision of the Texas Constitution by denying the City the power of self-government.

10. The City argued SB4 violated Article I, Section 30 of the Texas Constitution by prohibiting local governments from adopting a policy that will protect its peace officers from claims of violating the rights of victims.

11. The City argued SB4 violated Article I, Sections 11 and 11a of the Texas Constitution by requiring that any law enforcement officer that has custody of a person subject to an ICE immigration detainer request comply with that request.

12. The City argued SB4 violated Article 3, Section 1 of the Texas Constitution by impermissibly delegating legislative power to the federal government.

13. The City argued SB4 violated Article II, Section 49 of the Texas Constitution and Article II, Section 52 of the Texas Constitution because it was an unfunded mandate.

The City also argued it had standing because it alleged that SB4 would force the City and its officials to violate their oaths of office and because enforcement of SB4 would cause injuries and damages to third parties who would in turn seek recovery from the City for violations of their constitutional rights.

The plaintiffs in the *City of El Cenizo* case obtained a preliminary injunction against SB4 in the trial court but the Fifth Circuit reversed the trial court's decision on all issues except the Plaintiffs' First Amendment claims. *City of El Cenizo, Texas v. Texas*, 890 F.3d 164 (5th Cir. 2018). Specifically, the court found SB4's prohibition on local entities' endorsing a policy that would prohibit or materially limit the enforcement of immigrations laws violated the First

Amendment of the U.S. Constitution. *Id*. The Fifth Circuit issued its opinion before this lawsuit was filed. The City dismissed the remainder of its claims against the State. (Civil Action No. 5:17-cv-00404-OLG; ECF Nos. 260 and 262).

Counsel for the City has reviewed the City's pleadings in *City of El Cenizo* and has not been able to locate an inconsistency in legal argument with the present case. In the present case, Plaintiff has not raised any issues related to the City's previous arguments in other litigation nor has it alleged the City is judicially estopped from making any of the arguments raised in its motions to dismiss. *See U.S. for Use of Am. Bank v. C.I.T. Const. Inc. of Texas*, 944 F.2d 253, 258 (5th Cir. 1991) (holding that a party must affirmatively plead judicial estoppel); *see also Huffman v. Union Pac. R.R.*, 675 F.3d 412, 418 (5th Cir. 2012) ("Only in an egregious case will we accept a judicial estoppel argument first raised on appeal that applies to a party allegedly taking inconsistent positions in the district court."). Accordingly, the City respectfully requests that the Court clarify the legal arguments that may be inconsistent so that the City may provide an adequate response and address any concerns the Court may have. Similarly, if the Court is raising the possibility of judicial estoppel, the City similarly requests the Court to clarify the legal argument or arguments to which the doctrine might apply so that the City may have notice and adequate time to respond.

## PRAYER

WHEREFORE, the City respectfully requests the Court enter an order clarifying its February 13, 2020, order and clarify the legal arguments that are inconsistent with the City's position in *City of El Cenizo* case so the City may provide an adequate response to the Court. The City further prays the Court grant the City all other relief to which it is entitled.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
Interim City Attorney

*s/ Charles A. "Cal" Estee*
CHARLES A. "Cal" ESTEE
Assistant City Attorney
State Bar of Texas No. 24066522
cal.estee@dallascityhall.com

JUSTIN H. ROY
Assistant City Attorney
State Bar No. 24013428
justin.roy@dallascityhall.com

7BN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone – 214/670-3519
Telecopier – 214/670-0622

**ATTORNEYS FOR DEFENDANT
THE CITY OF DALLAS**

### CERTIFICATE OF CONFERENCE

I certify that on February 25, 2020, I conferred with counsel for Plaintiff concerning the filing of this motion and the relief sought. Plaintiff is unopposed to this motion.

*s/ Charles A. "Cal" Estee*
CHARLES A. ESTEE

## **CERTIFICATE OF SERVICE**

      I certify that on February 25, 2020, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case failing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.

      *s/ Charles A. "Cal" Estee*
      CHARLES A. "Cal" ESTEE